OPINION of the Court, by
Ch. J. Bibb.
— At the January term of the county court of Warren, Daniel was appointed “ commissioner of the tax for the present year,” took the oath, and gave bond and security as re *497 quired by the statute relating to the revenue ; “ who agreed in court” (as the record is made to say) “ to do the business for sixty-six dollars.”
The court of appeals, by its conftitution,haa not jurifdictioa to iflue a writ of mandamus«
At the October court Daniel presented his account for 145 days’ services at one dollar per day, according to the allowance rated by the statute, and for finding paper, Stc. &c. three dollars ; which account the court rejected, and entered an order for allowing him sixty-six dollars, “ according to contract,” three of the justices dissenting : to which opinion and order of rejection the said Daniel excepted.
Upon a transcript of these proceedings, Daniel has moved for a mandamus to compel the county court to allow him for his services as commissioner of the revenue tax at the rate of one dollar per day, according to the provisions of the statute.
Before a discussion is had of the merits of the controversy, or of the propriety of the remedy by mandamus, the jurisdiction of this court to grant the remedy, if the complainant should be deemed worthy of it, must be settled.
In the application made by Morgan for a mandamus to the register of the land office (a), it was declared that the constitution of the state government prohibits this court from exercising original jurisdiction, (except in certain cases, specified in the constitution, of which this is not one ;) moreover, that the legislature had not given, and could not give this court jurisdiction to issue a mandamus in any case which had not been decided by, or presented to a subordinate court of judicature. But whether this court could issue a mandamus to a subordinate court, is not there decided, and is the question now to be considered. This depends upon the nature of the writ applied for : that is to say, whether it is an original or an appellate process. Blackstone, in his commentaries, in treating of proceedings in nature of appeals, enumerates but four: 1st. The writ of attaint. 2d. The writ of deceit, or action on the case in nature of it to reverse a judgment had by fraud or collusion in a real action. 3d. An audita querela. 4th. The writ of error from a court of record to some superior court of appeal. These he says are the principal methods of redress in nature of appeals : he does not say they are the only methods. If, however, we add to *498 these, the writ of false judgment to a court not of ré¿ cord, the remedy by motion in certain cases, which, he says, has driven the audita querela quite of use,, and the traverse of inquisitions, the whole circle of remedies in nature of appeals, as treated of by that author, will b® described.
As the author in his commentáries does net enumerate the mandamus as one of the methods of redress in nature of appeal, nor mention it as such when particularly treating the subject of that writ, it may fairly be inferred that he did not consider it as an appellate process.
Considering the high, transcendent, original and appellate jurisdictionascribed to the court of King’s Bench, (Blac. Com. p. 42, 43, 44, 3 vol.) that in a great variety of cases the writ of mandamus has issued from that court, can serve but little to elucidate the present question : for whether it was an appellate or an original process, that court might well grant it. We must look into the cases themselves, and to the principles upon which those cases were bottomed, to determine the true character of the writ. It is styled in England a prerogative writ. “ It issues to the judges of any inferior court, commanding them to do justice, according to the powers of their office, whenever the same is delayed” It is derived from the King’s prerogative to superintend, through the medium of his courts, particularly of the King’s Bench, all inferior tribunals, and therein to enforce the due exercise of those judicial or ministerial powers with which the crown or legislature have invested them, by restraining their excesses, quickening their negligence, and obviating their denial of justice. It is said to be one of the remedies by which the injury or private wrong of an individual is to be redressed when an inferior court delays, refuses or neglects to do justice t and here it is to be remarked, that the present application must fall under one of those three heads. Th# means of obtaining such redress is by obtaining the writ against the court so refusing, neglecting or delaying. If the mandamus is peremptory, obedience is enforced by attachment, if necessary: if in the alternative, do this, or signify some reason to the contrary, and a sufficient cause be returned, but false in fact, then the party aggrieved has his remedy by action against the judge •for his false return \ and if found false by the jury, *499 shall recover damages equivalent to the injury sustain-«d, and shall have a peremptory mandamus. Such a tyrit seems to be the commencement and original institution of a complaint against the court or judge to whom it is directed, and not the revisal of his judicial decision. To make the writ of mandamus in such case an appellate process, we must first suppose the court or judge to have given a decision in his own case — (See Blac. Com. 3 vol. p. 109, 110, 111.)
It is said in the books, that, regularly, an erroneous judgment given in a court of record can only be reversed by writ of error — Bac. Ab. title error, (A.) 2 vol. p. 450. A mandamus is a writ issuing only in cases relating to the public and the government, and is therefore termed a prerogative writ- — 4 Bac. 497, title mandamus, (A.)
No writ of error lies but on a judgment, or on an award in nature of a judgment — Bac. Ab. 2 vol. 452,, Coke Lit. 288, b. A mandamus lies where there is a delay, refusal or neglect of justice, to quicken the negligence, or obviate the denial — 3 Blac Com. 109, 110, 111. The writ of error is a writ of right, demandable, ex de-hito justifies, and may be even against the king without petition — 1 Salk. 264, 2 Salk. 504. The writ of mandamus is discretionary ; and may be granted or refused, even incases where it might seem an appropriate remedy : as where the end of it is merely a private right, where the granting of it would be attended with manifest hardships and difficulties — 4 Bac. Ab. 515,
, Our own statutes recognize but two methods of removing a cause from the subordinate courts to this court — by an appeal prayed in the court below in due time, or by a writ of error. The legislature have not given to this court, in express terms, the power to issue a mandamus ; and if they had, the doubt would be, whe* ther the grant would be constitutional. So far as implication, arising out of our statutes, can be indulged, it is directly against the power of the court. By the original act establishing the court of appeals, passed in 1792, the power to issue writs of mandamus was expressly given j but in the revisal of 1796, that power was omitted, and is now vested expressly in the circuit courts. In the act of 1798, the right of appeal is expressly given in behalf of the commonwealth, where its. *500 rights, interest or claims may be involved or implicated the judgments or decisions of the district courts or general court, on mandamus — 2 Litt. E. L. K; 226.
We have considered the expressions of the supreme court of the United States in the case of Marbury vs. the Secretary of the United States, (1 Cranch 175) which is to this effect: “ Although, therefore, a man-damns may be directed to courts, yet”, &c. In what cases a mandamus may be directed to courts, are neither specified nor exemplified. But in a previous and subsequent part of the opinion it is declared, that to enable that court to issue a mandamus, it must be shewn, to be an exercise of appellate jurisdiction, or to be necessary to enable them to exercise appellate jurisdiction. Considering, therefore, that the writ of mandamus applied for is an emanation from, and an.incident to, original jurisdiction only ; that in its nature it is not necessary to the revision of a cause already adjudged or decreed, but does in itself create that cause, the motion must be overruled,

 Har. 609.