JUDGE LINDSAY
delivered the opinion op the court.
Presley Jacobs, who styles himself administrator of James W. Jacobs, deceased, sued the Louisville & Nashville Railroad Company to recover damages for the alleged careless, negligent, wrongful, and unlawful killing of his intestate.
A trial was had in the Larue Circuit Court, resulting in a judgment for the plaintiff for one hundred and fifty thousand dollars in damages. A new trial was awarded, and upon the second trial arose the question that will be first considered.
The railroad company denies that the plaintiff is the administrator of the intestate. In support of the averment to the effect that he is such personal representative, appellant offered to read to the jury the following order of the Hardin County Court:
“ Hardin County Court, August 9, 1866.
“On motion of Presley Jacobs, who took the oath required by law and executed bond, with John S. Cradler his surety, the administration of the estate of James W. Jacobs, deceased, is granted to him according to law.”
The appellee objected to the reading of this order, upon the ground that it is void upon its face, because it sets out none of the facts necessary to give the Hardin County Court jurisdiction. The court sustained the objection; and appellant then offered to read another copy, differing from the first only in the fact that it showed that the term held August 9, *268 1866, was a special or called term of the court. Objection was also sustained to the reading of this copy, and the result was an instruction to the jury to find for the defendant.
Section 1, article 2, chapter 37, of the Revised Statutes provided, “When any person shall die intestate that court shall have jurisdiction to grant administration on his estate that would have had jurisdiction to grant a certificate of his will had he died testate.”
The 27th section of chapter 106 provided that “wills shall be proven before and admitted to record by the county court of the county of the testator’s residence. If he had no known place of residence in this state, and land is devised, then in the county where the land or the greater part thereof lies. If no land is devised, then in the county wherein .he died, or that wherein his estate or the greater part thereof shall lie, or where there may be' any debt or demand owing to him.”
The Civil Code of Practice recognized and continued in force these provisions. (Section 28.)
It is manifest that, except upon one of' the contingencies mentioned in the section quoted from the chapter of the Revised Statutes last referred to, the County Court of Hardin County had no jurisdiction to grant the administration. Is it necessary, however, that the fact or facts upon which the jurisdiction depends shall appear upon the face of the order ?
It is maintained with zeal and earnestness that county courts are courts of limited and special jurisdiction, and that nothing shall be presumed to be within their jurisdiction but that which is expressly alleged. In other words, that the facts which give jurisdiction must appear in order to show that the proceedings were eoram judies.
The radical error of this position is the assumption that in matters of probate, and in granting administration, county courts are courts of limited and special jurisdiction. In such matters their jurisdiction is not only general but exclusive. *269 Under the laws of this state no other than a county court can probate a will or grant letters of administration; and in every instance in which there is a will to be proved, or a case of intestacy in which the intestate leaves property of any character or description in this state, some one of its county courts may rightfully assume jurisdiction.
There is a marked distinction between a court having general and exclusive jurisdiction over a limited number of subjects and a court having no jurisdiction over certain subjects except in cases in. which certain essential and indispensable facts shall exist. In the latter case the rule that the facts conferring the jurisdiction must appear in the record of the proceedings applies to all courts, circuit as well as county.
The rule does not grow out of nor depend upon the fact that the court has jurisdiction of only a limited number of subjects, but that it has not full and complete jurisdiction of the subject-matter about which it assumes to act.
If the jurisdiction over the subject-matter is complete and unlimited, the action of the court will always be taken to be within its authority and jurisdiction, unless the contrary appears.
The cases cited and relied on by counsel harmonize with this view. The cases of Lawless v. Rees (1 Bibb, 496) and Abney v. Barnett (ibid. 557) were before this court by appeal, and in neither case was it necessary to declare the action of the county court void. Its judgments were reversed; but as they were not collaterally questioned, it by no means follows from the reversals that in a proper state of case this court would not have held them prima facie valid.
The cases of Freeman v. Strong (6 Dana, 283) and Chaudet v. Stone (4 Bush, 210), instead of conflicting, are in accord with the doctrine announced. In the first case it was held that as “the jurisdiction of the county court over orphan and poor free children, colored and white, is limited, and special, *270 every order binding a child as an apprentice should exhibit the facts required by law for giving jurisdiction.”
So in the case of Case, &c. v. Woolley (6 Dana, 22) it was because the jurisdiction of the District Court of Louisiana to enforce the collection of debts was limited to certain specified classes, instead of being general and embracing all debts, that this court intimated that it would treat its judgments as void where the record failed to show that it had cognizance of the claims upon which it had adjudicated.
There is no case in which this court has held that it was necessary to its validity that the order of a county court probating a will or granting administration should show7 upon its face facts conferring jurisdiction upon the particular court in which the order was made. Whether upon an appeal an order failing in this regard would or would not be reversed we do not now decide; but it can not be treated as void in a collateral proceeding.
In the response of this court to a petition for a rehearing in Singleton v. Cogar (7 Dana, 494), in which the question as to the validity of a judgment of the circuit court v'as under consideration, Chief Justice Robertson uses this language: “But does it necessarily follow that in such a case as this, or in all cases, however the question of jurisdiction may be presented, the silence of the record of the judgment or decree as to a fact essential to the jurisdiction shall be conclusive proof that the judgment or decree is void? A county court of this state has no testamentary jurisdiction unless the decedent either lived in the county at his death or had some estate in it. But if a record of the probate of his will should be silent as to both of these facts, would the probate be conclusively void?”
The court did not seem to entertain a doubt that this inquiry would admit of any other than a negative reply, and it was in effect so answered in the subsequent case of Peebles v. Watts’s administrator (7 Dana, 102).
*271 The proceedings of the county court in matters of probate and administration are not conclusive as to the jurisdiction of the court, and such jurisdiction may be collaterally called in question where the proper averments are made ; but in such cases the onus is upon the party raising the issue to show that want of jurisdiction. Where, as in this case, the jurisdiction is attacked by the pleading, the court should hear such - testimony as either party may offer on this issue, and then permit the order of the county court to go to the jury as evidence'or exclude it, as it may turn out that the court making it had or had not jurisdiction.
It is further objected that the order granting the administration was made at a called or special term of the Hardin County Court. -
By the third section of the act of February 18, 1854 (1 Stanton’s Revised Statutes, p. 338), the presiding judges of the several county courts were empowered to call special terms, for the purpose of granting administration or doing any other business, whenever the judge should be satisfied that there existed a necessity for immediate action by the court;
Appellee claims that this section is unconstitutional and void, because it relates to a subject not embraced in the title of the act.
The act is entitled “An act to provide for the appointment of special judges of the county court and police or city courts.” The special subject of legislation expressed in this title is the appointment of special judges for certain named courts; but the general subject embraced is that of “courts.”- The act was in effect an amendment to chapter 27, Revised Statutes, entitled “courts.”
The section under consideration can not be said to be foreign to the subjects expressed in the title. It has a natural connection with them, and its provisions are so directly connected with the expressed subjects that they can all be properly *272 incorporated into the same act. This section has already been before this court for consideration, and although its constitutionality was not directly questioned, yet as it was upheld and enforced, we may well conclude that the court entertained no doubt on that subject. (Commonwealth v. Graves and Clary, 18 B. Mon. 33.)
This court can not determine that the act, or any part of it, is so clearly within the inhibition of section 37, article 2, of the state constitution as to authorize us to hold it void.
From these considerations it results that the court below erred in refusing to allow the order of the Hardin County Court to be read to the jury to establish the fact that appellant is the administrator of the intestate, and that it also erred in giving the peremptory instruction to the jury to find for the appellee.
As the judgment dismissing the petition must be reversed, it becomes necessary to consider various questions presented by appellant touching the .first trial and verdict. "When the new trial was granted he excepted, and made out and filed a bill of exceptions with.a view to save the verdict; and he now asks that the cause be remanded with instructions to the circuit court to enter judgment in accordance with the finding of the jury.
The original petition is framed under the provisions of the first section of the act of March 10, 1854 (2 Stanton’s Revised Statutes, 510). The averment is that the railroad company “carelessly, negligently, wrongfully, and unlawfully run their cars, which were then passing from Louisville to Nashville, over the plaintiff’s intestate, and then and there killed and destroyed his life.” These averments do not necessarily imply that the carelessness and negligence complained of were willful, and hence appellant could recover no more than compensatory damages.
The third section of the act allows punitive damages in cases in which the neglect is willful; but, as this court has *273 heretofore held, the recovery is confined to compensation where the neglect does not fall within the definition of the legislative term “ willful.”
However great the want of care, caution, attention, or diligence, punitive damages can not be awarded unless the neglect of the corporation, its servants' or agents, is so great-as to evidence reckless indifference to the safety of the public^ or an intentional failure to perform a plain and manifest .duty, in the performance of which the public has an interest.
The motive must be bad. The negligence must be quasi criminal. (Board of Int. Imp. of Shelby County v. Scearce, 2 Duvall, 576; The Louisville & Portland Canal Company v. Murphy, adm’r, &c., 9 Bush, 522; The Louisville, Lexington & Cincinnati Railroad Co. v. Case’s adm’r, 9 Bush, 728.)
From this it follows that the court below erred in’ permitting the amended petition of June 3, 1868, to be filed. It set up no new cause of action; and as under the original petition appellant was entitled to no more than compensation, it was improper to allow him either to aver or prove circumstances of aggravation growing out of the conduct of the agents and employees of the railroad company after the fatal injuries had been inflicted. For the same reason it was improper to admit testimony to prove the wealth of the appellee.
Upon the issue as to eontributive negligence the court should have instructed the jury that the failure of the intestate to use great care and caution to avoid danger affords no excuse to appellee if the killing resulted from the negligence of its servants or agents; but that if he failed' to use that degree of care which may reasonably be expected from a person situated as he was, and by such failure proximately cooperated in causing the injury, then his administrator could not recover, unless the servants or agents of the railroad company might by the exercise of ordinary care have nevertheless prevented the infliction of such injury. This rule is subject *274 to modification in cases of willful neglect; .but it applies in all such cases as that we now.have under consideration.
It was no error to grant the new trial. Upon the return of the cause the amended petition should be stricken from the files, and the action tried upon the issues raised upon the original petition.
For the errors, indicated upon the last trial the judgment is reversed, and the cause remanded for a retrial upon principles not inconsistent with this opinion.
Judge Coper did not sit in this case.