### CINCINNATI SOUTHERN R. CO. *v.* J. F. MILLER.

**Contributory Negligence.**

It is not every act of contributory negligence that will prevent one from maintaining an action for an injury received; such negligence will not prevent the plaintiff from recovering, unless but for such negligence the injury would not have occurred, or if the defendant, by the exercise of ordinary care, could have avoided the consequence of plaintiff's negligence.

**Instructions.**

The court is not required to instruct on an issue not raised by the pleadings, nor on a state of facts not disclosed by the evidence in a given case.

**Duty of Railroad Company to Avoid Injury.**

The failure of the owner of animals to exercise ordinary care to prevent their injury will not exonerate a railroad company from exercising ordinary care to protect such animals thus endangered.

**Evidence.**

The provisions of Sec. 5 of Chap. 57 of the Gen. Stat. of Kentucky, providing that the killing or damaging of animals by railroad cars shall be prima facie evidence of negligence, means that such killing, etc., shall be prima facie evidence of that degree of negligence necessary to render the company liable, and that this presumption may be overcome by proving either no negligence or a lower degree than is required to fix liability in the particular case.

APPEAL FROM KENTON CIRCUIT COURT.

March 2, 1880.

Opinion by Judge Hines:

This action was brought under Secs. 4 and 5, Chap. 57. Gen. Stat., to recover the value of a cow killed by an engine drawing a train of freight cars. Those sections are:

Fourth Section: "All railroad companies in this commonwealth shall pay full damages to the owners of horses and other stock they may negligently or carelessly kill or damage, by their cars or agents, along said roads or its branches, within said commonwealth."

Fifth Section: "The killing or damaging of any horses or other stock, by the cars along said roads or branches, shall be prima facie evidence of carelessness and negligence of said company."

Counsel for appellant insist that the law as to contributory negligence was not properly given to the jury. The following is the instruction given on that point:

"If the jury believe from the evidence that the plaintiff, by his own fault or negligence, permitted his cows to wander or stray from his own land and on the track of the road outside of his own farm, and thereby contributed to the injury complained of, then they should find for the defendant, unless they believe that the employes in charge of the train, after discovering her on the track, could, by the exercise of ordinary care, have stopped the train and avoided the injury, etc."

This instruction was given at the instance of appellant, and then counsel for appellant asked the court to tell the jury that, in case of such contributory negligence as indicated in the instruction quoted, there could be no recovery unless the employes in charge of the train were guilty of gross negligence. This the court refused; and complaint is now made that this is grounds for reversal.

It is said in *Sullivan's Adm'r v. Louisville Bridge Co.,* 9 Bush. 81, that it is not every act of contributory negligence that prevents one from maintaining an action for an injury received. Such negligence will not prevent the plaintiff from recovering, unless for this negligence the injury would not have occurred, or if the defendant by the exercise of ordinary care could have avoided the consequence of plaintiff's negligence. The same rule is laid down in *Jacob's Adm'r v. L. & N. R. Co.,* 10 Bush 263.

Under the statute upon which this action is based the company is made liable for injuries resulting to stock from any degree of negligence on the part of those having the train in charge, and the failure

of the owner of the stock to exercise ordinary care in regard to it by reason of which the danger of loss is increased will not exonerate the company from exercising ordinary care to protect the stock thus endangered.  If the stock had been wilfully placed in danger for the purpose, on the part of the owner, of having it destroyed, and but for which the injury would not have resulted, a different rule would apply.  But such a case is not presented by the record, and we cannot, therefore, speculate upon cases of criminal neglect or wilful wrong that may arise under the statute, as nothing of that character is set up in the pleadings.

It is also insisted that the court erred in neglecting to instruct the jury as to the law applicable to a state of case arising under Sec. 2, Chap. 57, Gen. Stat.  That section reads: "If by the locomotives or cars of a railroad company, cattle or other stock shall be killed or injured on the track of said road adjoining the lands belonging to or in the occupation of the owner of such cattle or stock, who has not received compensation for fencing said land along said road, the loss shall be divided between the railroad company and the owner of such cattle or stock, unless the killing or injury arose from the wilful act, or carelessness, or negligence of the agents or servants of such company, in which case the whole loss shall be paid by such company.

The pleadings as well as the evidence show that the cow was not killed on the track of the road adjoining the lands belonging to the owner of the cow; but even if the evidence showed this fact the pleadings would not authorize the right of recovery to be measured by this section.  No issue was tendered or formed as to the ownership or occupancy of the land, or as to whether the injury was inflicted while the cow was on the road adjoining the lands of plaintiff.

Construing these three sections of the statute together the law seems to be that when, by the ordinary negligence of the company, stock is killed on the road adjoining the land of the owner of the stock, who has received no compensation for fencing, the loss must be borne equally by the company and by the owner of the stock; but where the killing under such circumstances is the result of the wilful or gross negligence of the company the owner of the stock is entitled to the full value.  If the killing should occur elsewhere than on the road adjoining the land of the owner of the stock the company is liable for ordinary negligence.  The provision of the fifth section that the fact of killing shall be prima facie evidence of negligence, means simply that it shall be prima facie evidence of that degree of

negligence necessary to render the company liable, and that this presumption may be overcome by proving no negligence or a lower degree than is required to fix liability in the particular case.

The evidence was sufficient to support the verdict. There was conflicting evidence as to whether any signal was given by those in charge of the train, and as to whether the train could have been checked in time to prevent the injury, and whatever the weight of the evidence may be the verdict is not flagrantly against it.

Judgment *affirmed*.

*C. B. Simrall, for appellant.    Simmons & Schmidt, for appellee.*