CASE 122—ORDINARY—DECEMBER 8, 1881.

## Warfield, &c., v. Gardner's adm'r.

APPEAL FROM HARDIN CIRCUIT COURT.

1. In order to enable a defendant to plead, as a counter-claim or set-off, a claim against the estate of a decedent, it must be verified and proved in the manner required by law in the case of claims sued upon by original action, but demand may be dispensed with.
2. An affidavit in the body of the answer is not sufficient. The claim should be verified and proved in the manner required by law and filed *with* the answer.
3. The allegation in the petition that the plaintiffs were, by an order of the Hardin county court, appointed administrators, and qualified as such, is a substantial compliance with section 122, Civil Code, as the law raises the presumption that the order was *duly* made.
4. The failure of the petition to state facts showing that the Hardin county court had jurisdiction to make the order should have been taken advantage of by special demurrer.

WILSON & HOBSON FOR APPELLANTS.

1. The petition does not state facts showing that the Hardin county court had jurisdiction to appoint appellees administrators, nor does it allege that the order of appointment was "duly" made. (Sec. 122, Civil Code.)

2. When a claim against a decedent's estate is pleaded as a set-off, demand is not necessary. (Millett, &c., v. Watkins, 4 Bush, 642; Bennett v. Crocklin, 3 Met., 322; Civil Code, sec. 732, subsec. 32.)

J. C. POSTON FOR APPELLEES.

1. Any defect in the petition is cured by the answer. (Civil Code, secs. 134, 756; Combs, &c., v. Jefferson Pond Draining Co., 3 Met., 72; Louisville and Portland Canal Co. v. Murphy's adm'r, 9 Bush, 529 and 530.)

2. A claim against a decedent's estate, pleaded as a set-off, should be verified and proved, and payment demanded, as in case of claims sued on by original action. (Civil Code, sec. 732, subsec. 34; sec. 437; Gen. Stat., chap. 39, art. 2, secs. 35 to 39.)

3. The affidavit contained in the body of the answer was not sufficient. The claim should have been so verified and proved as to be a voucher for appellees. (Leach v. Kendall's adm'r, 13 Bush, 424.)

A. B. MONTGOMERY FOR APPELLEES.

1. The defect in the petition, because of its failure to state facts showing that the Hardin county court had jurisdiction to appoint the plaintiffs as administrators, should have been taken advantage of by special demurrer. (Sec. 92, Civil Code.)

2. Even though demand may be dispensed with where a claim against a decedent's estate is pleaded as a set-off, it is certain that verification and proof cannot be dispensed with. (Code, 1854, sec. 473; Code, 1877, sec. 437; sec. 732, subsec. 34; Millett v. Watkins' adm'r, 4 Bush, 642.)

3. Appellant's cause of action does not arise on a contract, judgment, or award, and therefore cannot be pleaded as a set-off. (Civil Code, sec. 96, subsec. 2.)

There is a response to petition for re-hearing.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action by appellees, administrators of the estate of A. S. Gardner, deceased, upon a promissory note given by appellants.

At the September term, 1877, of the court, a general demurrer to the petition was filed and overruled. There-

Warfield, &c., v. Gardner's adm'r.

upon appellants filed their answer, in which one of them, Warfield, pleaded a demand against the estate for rent of land as a set-off. At the .February term, 1879, a rule was made by the court, requiring Warfield to show that he had made a demand of appellees for payment, accompanied by his affidavit and proof of the claim as required by law in such cases.

At the same term, appellants having failed to respond to the rule, judgment was rendered making the rule absolute, .and dismissing the set-off, and also for the amount of the ·debt claimed in the petition. But upon grounds filed, a new trial was granted.

At the August term, 1879, Warfield filed a response to the rule, stating, in substance, that he had, on the 20th of August, 1879, demanded of the administrators payment of his claim, and also filed copies of certain title papers and affidavits of other persons in regard to the land, the rents from which he claimed as set-off.

Upon filing the response, appellants asked leave to re-file their answer and set-off, which was refused, and judgment .again rendered for the debt claimed in the petition.

From that judgment this appeal has been taken.

The only questions presented by the assignment of errors ·necessary to be considered are—

1st. Whether the demurrer to the petition was properly ·overruled.

2d. Whether the court erred in refusing to permit appel-.lants to re-file their answer and set-off.

*First.* The allegation in the petition, that appellees were, by an order of the Hardin county court, appointed administrators of A. S. Gardner, deceased, and qualified as such, is .a substantial compliance with section 122, Civil Code. The

law raises the presumption that the order when made was "duly" made.

The defect in the petition, on account of the accidental omission of the words "the defendants," the subject of the verb "agreed," does not affect the substantial rights of appellants, because they were neither prejudiced or misled thereby. "The omission of those things which are silently expressed is of no consequence."

The objection that the petition fails to state facts showing that the Hardin county court had jurisdiction to appoint appellees administrators involves their want of legal capacity to sue, and can be taken advantage of by special demurrer only, and as no special demurrer was filed in the court below, that objection must be regarded as waived by appellants.

As to the second question: This court in the case of Millett v. Watkins, 4 Bush, 642, in construing section 473 of the Civil Code of 1854, held that a set-off is, neither in the common or legal acceptation of the word, a "suit" or "action," and therefore that the demand required to be made by a claimant before bringing a suit or action against a personal representative did not apply to a set-off. It was not, however, decided in that case that the verification of the claimant, by written affidavit and proof of the demand, could be dispensed with.

But by subsection 34, section 732, of the present Civil Code, the word "action" is construed to embrace a demand for a set-off or counter-claim, and by subsection 37 the word "sue" is construed to refer to an action or special proceeding.

If a set-off is to be considered an action in the meaning of section 37, chapter 39, General Statutes, and that section

is literally enforced, no set-off can be pleaded or recovery had upon it for a claim against the estate of a deceased person until such affidavit and proof are made, nor until demand of payment thereof has been made of the personal representative, accompanied by affidavit of its justice.

The reason for requiring a claimant, before bringing an original action against a personal representative, to make demand of him for payment, is, that if the claim is just and properly proved, it may be paid without subjecting the estate to the costs of litigation. But the reason for requiring the demand to be made ceases when the personal representative begins litigation himself. Though such is not the case in respect to the affidavit of the claimant and proof of the justice of the claim. And we are of the opinion that both the letter and spirit of the law, as it now is, require that a claim against the estate of a decedent, which is pleaded as a set-off or counter-claim, should be verified by the written affidavit of the claimant, and proved in the manner required by law in the case of claims sued upon by original action, and that the personal representative may, when the defendant has not complied with the law in this respect, obtain a rule against him, and upon his failure or refusal after such rule to verify and prove his claim in the manner required by law, his set-off or counter-claim should be dismissed.

Though in this case it is alleged in the answer of appellants that the demand is just, and has never been paid, and that there is no offset or discount against the same, nor any usury therein, it does not appear that the claim was either presented or filed in such manner as would authorize the personal representative to admit or controvert its justice. It should have been verified by the written affidavit of the

·defendant, and also proved in the manner required by law, and filed with the answer.

The response of appellants to the rule against them was insufficient, and as their set-off had been once dismissed for failure to comply with the law in such cases, the court did not err in overruling their motion to re-file it, as the claim attempted to be pleaded as a set-off was not so verified and proved.

Wherefore, the judgment is affirmed.