CASE 95.—ACTION BY H. B. YOUNG'S ADMINISTRATOR
AGAINST THE CHESAPEAKE & OHIO RAILWAY
COMPANY.—Feruary 25, 1910.

## Young's Admr v. Chesapeake & Ohio Ry. Co.

Appeal from Carter Circuit Court.

J. B. HANNAH, Circuit Judge.

From a judgment dismissing the petition the plaintiff appeals.—Reversed.

1. Appeal and Error—Record—Construction.—In construing the record on appeal, it must be read as a whole.

2. Evidence—Presumption—Performance of Official Duty—Granting Administration.—It is presumed that the county judge did his duty and acted within his jurisdiction, so that it cannot be presumed that he intended two orders made in granting administration to nullify each other.

3. Executors and Administrators—Effect of Irregularities in Appointment.—Ky. Stat., section 3894, permitted administration to be granted on the estate of one dying intestate, and by section 3891, if there be no testamentary executor or if he fails to qualify, the court may grant administration with the will annexed. Decedent's will was admitted to probate, and on the same day the county court made an order appointing plaintiff administrator of decedent's estate. Held, that the administrator appointed on the same day the will was probated was manifestly intended as administrator "with the will annexed;" the omission of those words in the order being a clerical error, which would not affect such administrator's right to sue for decedent's negligent death by wrongful act; Civil Code Prac., section 134, requiring the court to disregard defects in the proceedings not affecting the substantial rights of the adverse party.

4. Courts—Record—Construction.—A construction which gives some effect to a judicial record is preferred to one which makes it inoperative, and words will be read into it to supply

an omission through clerical error, where there is enough on its face to show the mistake; the omission of things silently expressed being immaterial.

J. A. SCOTT, R. H. PAYNTER, G. W. ARMSTRONG, R. S. DINKLE and W. C. MARSHALL for appellant.

SHELBY & SHELBY, E. B. WILHOIT and H. L. WOODS for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

J. H. Scott brought this suit as administrator of H. B. Young against the Chesapeake & Ohio Railway Company to recover damages for the death of his decedent, who had been killed by one of its trains. The answer contained, besides a traverse, the following plea in abatement: "For answer in the above entitled action the defendants Chesapeake & Ohio Railway Company, Ed Hughes, James Long, and S. R. Muir, deny that the order appointing plaintiff administrator of H. B. Young, deceased, was duly made or entered in the Carter county court, or that the plaintiff was thereby, or at all, appointed as such administrator, or that he has duly qualified or given bond as the administrator of the estate of H. B. Young, the decedent mentioned in the petition, or that the plaintiff ever did act or is now acting as such administrator.

These defendants say that the said H. B. Young died a resident of, and domiciled in, Carter county, Ky., having theretofore made and published his last will and testament, which was duly probated by the Carter county court—the court having jurisdiction so to do—on the 13th day of February, 1905, and ordered to record, and the same is now recorded in

the Carter county clerk's office in Will Book 2, p. 98; that on the same day, to-wit, February 13, 1905, the Carter county court made and entered the alleged order referred to in plaintiff's petition, and a copy of which is herewith filed, attempting to appoint said John Harvey Scott administrator of said H. B. Young; that the Carter county court had no authority or power whatever to make said alleged order; that said order was and is absolutely void and of no effect whatever; and that the plaintiff therefore had no capacity nor right to institute this action, and has none to maintain the same." At the conclusion of the evidence on the trial the defendant moved the court to dismiss the action without prejudice. The court sustained the motion and entered an order dismissing the petition. The plaintiff appeals.

By section 3894, Ky. Stat. (Russell's Stat. Sec. 3917), administration may be granted on the estate of any person who "shall die intestate." By section 3891 (Russell's Stat. Sec. 3937) if there be no executor appointed by the will, or if the executor fails to qualify, the court may grant administration with the will annexed to the person who would have been entitled to administration if there had been no will. The facts as shown by the record are that on February 13, 1905, the will of H. B. Young was admitted to probate in the Carter county court, and on the same day the following order was entered: "February 13, 1905. On motion it is ordered that J. H. Scott be and he is hereby appointed administrator of the estate of H. B. Young, deceased, whereupon he appeared and took the oath required by law together with J. H. Steale, W. J. Rice, and M. W. Armstrong, his surety who entered into and acknowledged bond with the commonwealth of Kentucky, conditioned accord-

ing to law, which was accepted and approved by the court.''

We are referred to numerous authorities holding that, where a will has been probated, the appointment of an administrator regardless of the executor is void. Schouler on Executors, Sec. 91. But this case does not fall within that principle. The orders of the county court made on the same day are to be read together; and when the court made the order probating the will, and followed it with an order appointing Scott as administrator of the estate, the manifest meaning of the two orders, when read together, is that Scott is administrator with the will annexed. The omission of the words ''with the will annexed'' was clearly a clerical error, which is apparent from the record itself. In construing the record we must read the whole of it; and, when all the orders of the court are read, it is apparent that this is what the court meant. There was no order appointing an executor, and there is no reason for holding that a mere clerical error like this makes void the order of appointment. The county court did not intend to grant administration as in case of intestacy; for he at the time admitted the will to probate. When he had probated the will, and there was no executor, he had jurisdiction to grant administration with the will annexed.

The presumption is he did his duty, and acted within his jurisdiction. The presumption is not that he intended two orders entered at the same time to nullify each other. Both orders must stand if possible, and, when we supply in the second order after the word ''administrator'' the words ''with the will annexed,'' all inconsistency disappears. That this was the intention of the county court there can be no

question, and, as the intention sufficiently appears
on the face of the record, it may be enforced.  The
omission of those things, which are silently express-
ed is of no consequence.  Warfield v. Gardner, 79 Ky.
586; Porter v. Eastern Kentucky Asylum, 121 Ky.
816, 90 S. W. 263, 28 Ky. Law Rep. 796.  To uphold
a statute or a contract words will be read into it
where there is enough to show they were omitted
by a clerical error.  The same rule must be applied
to the record of a  court  where  there is enough
on its face to show the misprision.  A construction
which gives some force to a judicial record is to be
preferred to one which renders it inoperative or void.

The case of Ewing v. Sneed, 5 J. J. Marsh. 459,
is entirely unlike this case.  There the county court
of Jefferson was entirely without power to act at all.
What the court did there was equivalent to an at-
tack upon the will which had been probated in anoth-
er court.  The will was  not  before the Jefferson
county court.  In Ryno's Exr. v. Ryno's Admr., 27
N. J. Eq. 522, an executor had been appointed, and
after this, there was an order made appointing an
administrator; the contest there before the court be-
ing between the executor and the administrator as
to who was entitled to the fund.  In Griffith v. Fra-
zier, 8 Cranch, 9, 3 L. Ed. 471, which is also relied
on, the executor was still in office, and there was an
attempt to appoint an administrator. These cases all
turn upon the want of power in the county court to ap-
point an administrator.  The county court here had
full power to grant administration. The only trouble
with the proceeding is that the clerk failed to enter
his order in the proper form.  What the court meant
is apparent.  The thing sued for here does not pass
under the will.  It is not affected by the will.  It is

a fund which, if recovered, must pass as directed by the statute and cannot be affected by the will. The defect falls within the provision of section 134 of the Civil Code of Practice: "The court must in every stage of an action disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party."

Judgment reversed, and cause remanded for further proceedings consistent herewith.