## Well's Administratrix v. Heil.

(Decided March 25, 1932.)

CLAY & WALL and C. R. LUKER for appellants.

J. B. SNYDER and R. L. MADDOX for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

Emma Wells, as the administratrix of the estate of Mart Wells, brought this action against Joseph J. Heil, alleging that the deceased, on July 28, 1929, was negligently struck and injured by the defendant in the operation of an automobile owned by him, and praying judgment for $2,500 damages. The defendant demurred especially to the petition, on the ground that the plaintiff was without capacity to sue. The demurrer was overruled, and he then filed a plea in abatement alleging that on September 19, 1929, E. J. Williams was appointed administrator of the estate of Mart Wells and continued to act as the administrator until the 8th day of September, 1930, and that the attempted appointment of Emma Wells, which was made on July 24, 1930, was void. The plaintiff filed a reply pleading that on July 23, 1930, E.

J. Williams filed a settlement with the county judge settling his accounts; that he then made known to the judge of the county court that he wished to resign as administrator; that the county court accepted his resignation, and on the 24th of July, 1930, entered an order appointing her administratrix of the estate; that she accepted the appointment and qualified and E. J. Williams signed her bond as administratrix; which was accepted by the court, and that it was agreed and understood by said E. J. Williams and her, and the judge of the court that Williams had resigned as administrator and she had been appointed as administratrix in his place. The following orders of the county court were filed with the pleadings: (1) Order of September 19, 1929, appointing Williams as administrator of the deceased, showing that he qualified and executed bond. (2) An order of August 11, 1930, in these words: "The administrator herein having filed final settlement in this court on the 23rd day of July, 1930, same is ordered to lay over, and this cause is continued." (3) An order of July 24, 1930, appointing Emma Wells, on her motion, administratrix and showing that she accepted the trust and qualified, executing bond with E. J. Williams as her surety. (4) An order of September 8, 1930, in these words: "The administrator herein having filed his final settlement in this court on the 23rd day of July, 1930, and the same having laid over and no exceptions thereto having been filed it is now ordered by the court that said settlement be and the same is hereby aproved and ordered to record, and the said administrator is hereby discharged and his bondsmen released from further liability." The court sustained the defendant's demurrer to the plaintiff's reply and she, not pleading further, dismissed the action. She appeals. Section 3881, Ky. Stats., provides:

"Before any personal representative can resign his trust, he must settle his accounts as such; then apply to the court in which he qualified, and said court shall accept his resignation, and appoint another in his place, to whom the court shall order the estate of the decedent to be delivered."

No appeal has been taken from the order of the county court appointing Mrs. Wells as administratrix, and there has been no proceeding to set it aside. It is set out in her petition as evidence of her authority to

sue, and her authority is denied by the answer. The following rules are well settled:

> "Whatever may be the nice distinction between a direct and a collateral attack, it is everywhere conceded that, when the attacked judgment is relied on as evidence of a right, and its competency is denied because of its invalidity, the attack is a collateral one. . . .
>
> "The county court is a court of record, and, when it is given exclusive jurisdiction of a subject-matter, its judgment, as entered on its record, are entitled to the same immunity from collateral attack as are judgments of courts of superior and general jurisdiction." Decker v. Tyree, 204 Ky. 307, 308, 264 S. W. 726, 728; Louisville & N. R. Co. v. Bays' Admx., 220 Ky. 462, 295 S. W. 452.

On collateral attack, the judgment of the court of general jurisdiction is presumed regular and valid, unless the record affirmatively shows the contrary, and it cannot be attacked collaterally unless it is void. Wolverton v. Baynham, 226 Ky. 214, 10 S. W. (2d) 837; Mussman v. Peppels, 232 Ky. 254, 22 S. W. (2d) 605.

The order of the county court does not set out the facts alleged in the reply; but this has been held unnecessary:

> "There is no case in which this court has held that it was necessary to its validity that the order of a county court probating a well or granting administration should show upon its face facts conferring jurisdiction upon the particular court in which the order was made." Jacobs' Admr. v. Louisville & N. R. Co., 10 Bush 270.

The record shows that the administrator had filed his final settlement on July 23, and that he signed Mrs. Wells' bond as administratrix. The fact that she was not named administratrix de bonis non in the order is immaterial; that was the legal effect of the order. Young's Admr. v. Chesapeake & O. R. Co., 136 Ky. 784, 125 S. W. 241; Yancy's Admr. v. Yancy, 183 Ky. 512, 209 S. W. 858, 3 A. L. R. 1249. This is a collateral attack on the judgment of the county court. The failure of the clerk to enter properly the orders of the court as they were made may render them erroneous on appeal

or on a direct proceedings to set them aside, but an order may not be attacked collaterally unless it is void.

The order in question was not void. "The omission of those things which are silently expressed is of no consequence." Warfield v. Gardner's Admr. 79 Ky. 583. The record of the county court, read as a whole, not only shows that the administrator had filed his final settlement on July 23, 1930, but it also shows that the administrator was discharged and his bondsman released from further liability on that settlement, and by necessary implication this was on July 23, 1930. For he could not make a final settlement until he had ceased to be administrator, and he was discharged from liability on this settlement. The order must mean that he was discharged from liability on July 23, 1930. If he had continued to act after July 23, 1930, the settlement was not final. In Warfield v. Brand's Admr., 13 Bush (76 Ky.) 77, there was no order showing that the prior administrator resigned, but, holding the order appointing his successor valid, the court said:

> "We think the allegation that the county court appointed an administrator de bonis non is, prima facie, sufficient to show that there was a vacancy (Jacobs' Admr. v. L. & N. R. Co., 10 Bush 263), and that the orders appointing Burr, Scott, and the appellee are valid."

Though the order in this case does not show that Mrs. Wells was appointed administratrix de bonis non, all the orders read as a whole are sufficient to show this fact.

It is also earnestly insisted that under the statute the court was without jurisdiction to appoint his successor until the administrator's settlement was approved. But the statute is not a limitation upon the power of the court. It often happens that an administrator resigns when some important step must be taken for the protection of the estate, and the court has full power under such circumstances to appoint an administrator de bonis non to prevent loss to the estate. This precise question, under a similar statute, was presented to the Supreme Court of Michigan in Re Thompson's Estate, 183 Mich. 618, 150 N. W. 318, 321, and the court said:

> "It surely cannot have been the legislative intent to hold up the administration of an estate

until such time as a former administrator's accounts could be adjusted."

Judgment reversed, and cause remanded, with directions to overrule the demurrer to the reply and for further proceedings consistent herewith.

Whole court sitting.