## Smallwood et al. v. Boyd et al.

March 2, 1951.

Ervine Turner, Judge.

Redwine & Redwine and M. C. Redwine, Jr., for appellants.

J. Douglas Graham for appellees.

CLAY, COMMISSIONER—Reversing.

Appellee, as administratrix of the estate of Cecil Smallwood, brought this action against her father-in-law to recover an indebtedness of $1,130. The Court entered judgment as prayed.

In asking reversal, appellant first contends that appellee was not legally appointed as administrator. She filed a copy of her order of appointment, but the evidence indicates she had not filed a proper application in the County Court. We do not think the failure to

comply strictly with the statute makes the order of appointment void. Such being the case, it may not be collaterally attacked in this proceeding. See Cunningham v. Clay's Adm'r, Ky., 112 S.W. 852; Well's Administratrix v. Heil, 243 Ky. 282, 47 S.W.2d 1041.

On the merits of the controversy, the following facts appear; Cecil Smallwood married appellee in 1939, and they had two infant daughters when he joined the army in March 1944. At that time he owned two mules and an interest in a truck. In September this property was delivered to appellant, and the latter either agreed to pay $1,130 for it or to realize that amount by selling it to others. Subsequently appellant did sell the mules and truck, and on July 10, 1947, he deposited $1,130 in a bank. This account was in the name of appellant "as trustee" for Cecil Smallwood's infant children.

Prior to the time this deposit was made, Cecil Smallwood had died in Germany in 1945. The controversy in the case is whether or not this fund should properly be held in trust for the children or should be paid over to Cecil Smallwood's estate.

The substance of appellee's testimony is simply that the mules and truck were sold to appellant, and he promised to give the son his note for $1,130. Her proof seems to be based entirely upon what her husband told her and wrote to her in letters. This evidence was all incompetent under Section 606, subsection 2, of the Civil Code of Practice. Clearly appellee was testifying for herself concerning verbal statements of and transactions with the deceased out of the presence of appellant. Even though some of appellee's testimony was not objected to, it does not appear inconsistent with the arrangement which appellant says was made regarding this money.

Appellant produced a writing signed by him which reads as follows:

"Rosslyn, Kentucky
"September 5th, 1944

"This is to certify that on this date, I, E. C. Smallwood, received of Lonnie Cecil Smallwood, the sum of Eleven Hundred and Thirty ($1130.00) to be used for my own benefit until his return from the Army, and in case he should not return, then this money is to be

placed in some good bank on saving account, in the Name of his Two Children, Janeth and Donald Smallwood, said amount is not (to) be drawn out or used until the infants are of legal age.

"Given under my hand this October 19, 1944

"s/ E. C. Smallwood"

Appellant testified that he deposited the money in the bank to comply with the obligation he assumed in the above instrument. The delay in not making the deposit until 1947 is explained as having been occasioned by his inability to collect the sale price of the truck and mules.

We have recently upheld the validity of a trust similar to the one here involved. In Hale v. Hale, 313 Ky. 344, 231 S.W.2d 2, we recognized the "tentative trust" doctrine. That is, a person may make himself a trustee of a bank deposit even though he reserves the right to withdraw or otherwise dispose of the fund during his lifetime. The beneficiary is entitled to whatever is left in the fund upon the trustee's death.

Under this rule, Cecil Smallwood could himself have placed the money in the bank as a trust for his children, contingent upon his failure to return. The only significant evidence in the case is that he turned his property over to his father to be converted to a fund for use in the furtherance of such purpose. The son then created a tentative trust, and the terms of it have been complied with by his father acting as his agent. Since we recognize such a trust, we will protect the interest of the beneficiaries therein. Appellee's petition should have been dismissed.

The judgment is reversed for consistent proceedings.