428

## SMALLWOOD et al. v. BOYD et al.

Court of Appeals of Kentucky.

Jan. 18, 1952.

Redwine & Redwine, M. C. Redwine, Winchester, for appellant.

J. Douglas Graham, Campton, for appellee.

MORRIS, Commissioner.

On former appeal we reversed a judgment which awarded the fund in question to appellee, administratrix of her deceased husband's estate, holding specifically that the court should have dismissed her petition. We remanded the case "for con-

sistent proceedings." Smallwood v. Boyd, 314 Ky. 763, 237 S.W.2d 66, 68. The facts are fully stated in our opinion. Mandate issued in conformity and when filed appellant tendered a judgment dismissing the petition, adjudging that the transaction involved created a valid trust, and providing that appellant might qualify as trustee and administer the trust.

This judgment was rejected; instead the court, while dismissing the petition and adjudging appellant costs, adjudged that the $1,130 on deposit in a bank "for and on behalf of the infant defendants * * * be placed on savings account * * * and * * * held by said Bank" until they reached twenty-one years of age. Appellant Smallwood excepted to so much of the order as provided for the "holding of the money by the bank," and appeal was granted.

Appellant contends that the judgment takes the trusteeship from him; strips him of power and without pleading or proof makes the bank trustee, and arbitrarily directs a poor investment of one or two percent when a better investment might be made.

Counsel for appellee, while admitting that a better investment would redound to the benefit of the children, contends that the judgment is in conformity with the created trust, and doubts the power of a trustee to alter its terms.

■ In our opinion we pointed out that it is the duty of courts of equity to protect the interests of beneficiaries, particularly when rights of infants are involved. Any doubt as to who is trustee, or as to such trustee's powers, should be removed.

We have reexamined the record on the former appeal and find that the suit started as an ordinary action. Appellant Smallwood did not originally plead as trustee, but his answer alleged his trusteeship; he only sought specifically a dismissal of the petition, though praying for all proper relief. The case was transferred to equity after appellant Smallwood filed an amended answer, counterclaim and cross petition, suggesting that the infants were proper parties; he asked that they be summoned and a guardian ad litem be appointed. Appoint-

ment was made and the officer answered. The record fails to show issuance or service of summons on the infants.

The pleadings and proof leave one in doubt as to whether or not appellant Smallwood is in fact or law a trustee, though treated as such throughout the record. The judgment entered further confused the question, and did not dispose of the counterclaim or cross petition.

 Because of the fact that infants' rights are involved, we have concluded that the case should be remanded for the purpose of clearing up any doubt as to trusteeship, or a trustee's powers. To this end parties may perfect the record, file further or other pleadings and take such proof as may be deemed proper. In passing, we may say we see no objection to any judgment entered showing that there exists a valid enforceable trust.

The judgment, except that part which dismisses the petition and adjudges costs is reversed and the case remanded for consistent proceedings.

The judgment is affirmed in part and reversed in part.