**Walter B. COMPTON, Appellant,**

**v.**

**Justice COMPTON, Admr'x of the Estate of Sill Compton, et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

Burke & Justice, Pikeville, for appellant.

T. L. Hibbitts, F. M. Burke, Harry R. Stamper, Pikeville, for appellees.

PALMORE, Judge.

Sylvanus Compton died on August 22, 1967, at the age of 70. On September 22, 1966, he had opened a savings account in the Citizens Bank of Pikeville with a deposit of $8,000 in his individual name. In the space designated on the bank's ledger or account sheet for "Special Instructions" the following notation was typewritten: "In case of death party desires funds to go to Walter Compton. JMY." The initials "JMY" signified John M. Yost, executive vice president and cashier of the bank. The question in this lawsuit is whether Walter Compton or the personal representative of the Sylvanus Compton estate is entitled to the balance of the account, which has remained untouched except for the accrual of interest and an agreed disbursement for funeral expenses. Walter

appeals from a judgment in favor of the personal representative.

At the time the account was established Sylvanus Compton knew he was suffering from an ailment that would prove fatal. He and his wife had made a joint will in 1963 by which the entire estate of the first to die was left to the survivor for life with remainder to two of their children, Sill Dean Compton and Jannie [sic] K. Compton. Walter Compton is Sylvanus Compton's son by a previous marriage. On September 22, 1966, Sylvanus, accompanied by Walter, went to the bank, closed out three savings accounts totalling $8,639.33 which he had theretofore maintained in the names of his wife and the two children named in the will, and redeposited $8,000 of the proceeds in the account now in question. Though advised by Mr. Yost that a will would be a better method of accomplishing his purpose, Mr. Yost testified that Sylvanus said he wanted it this way "and that's exactly the way I put it."

■ From the evidence in the case it is reasonably certain that Sylvanus intended the savings account to go to Walter at his death and thought he could achieve that end by so instructing the bank. Walter brought this suit on the theory of a gift causa mortis and later tendered an amendment embracing the theory of tentative trust. It is our conclusion, however, that the attempted disposition was purely testamentary in nature and was therefore ineffective.

■ A gift causa mortis, though revocable, requires a passage of title at the time the gift is made. An "essential thing to the consummation of a gift causa mortis is that the delivery of possession [and in this case there was no semblance of delivery—actual, constructive or symbolic] must be with the intention that *the title should then vest* conditionally on the death of the donor; that if the gift is not to take effect as an executed and completed transfer of possession and title during the life of the donor, but the property is merely intrusted with another to be disposed of at his death as he may direct or shall have directed, it becomes a testamentary disposition, dependent for its validity on being executed and proved as a will." (Emphasis added.) Harrel's Adm'r v. Harrel, 232 Ky. 469, 23 S.W.2d 922, 926 (1930). There is nothing in the evidence to suggest that Sylvanus intended to or did part with anything during his lifetime.

The concept of tentative trust was recognized by this court in Hale v. Hale, 313 Ky. 344, 231 S.W.2d 2 (1950). It is thus defined in § 58 of the Restatement of Trusts 2d (emphasis added):

"Where a person makes a deposit in a savings account in a bank or other savings organization in his own name *as trustee* for another person intending to reserve a power to withdraw the whole or any part of the deposit at any time during his lifetime and to use as his own whatever he may withdraw, or otherwise to revoke the trust, the intended trust is enforceable by the beneficiary upon the death of the depositor as to any part remaining on deposit on his death if he has not revoked the trust."

In the *Hale* case the deposit was not made in the depositor's name "as trustee," but he signed a notation in the ledger sheet, "If anything should happen to Mr. Hale, this money is to be divided equally to his children, Jesse James Hale, Opal Hale and Charity Hale," and thereafter told the children's mother that he had placed the money in the bank for them and told another person that he was not certain whether the deposit was placed in their names but it was for their benefit. 231 S.W.2d p. 5. Under these circumstances it was held (emphasis again added) "that by the directions given to the bank officials by R. B. Hale in making the deposit *and his subsequent actions with reference thereto*, he intended to and did set up for the benefit of three of his infant children a tentative trust," etc.

Here we have no declaration by Sylvanus Compton of himself as a trustee either when the account was created or at any time thereafter. Factually, the case is on all fours with Turpin's Adm'r v. Stringer, 228 Ky. 32, 14 S.W.2d 189 (1929), in which written instructions accompanying the deposit and directing payment to a designated person in event of the depositor's death were held ineffective. The *Turpin* case was distinguished in *Hale* on the ground that in *Turpin* there was no contention that a trust had been created. We have little doubt, though, of what the court would have said in *Turpin* if that contention *had* been presented, which is the same thing we are impelled to say in this case. There is good reason for a literal and strict construction of the definition given in the *Restatement* requiring that the account be carried in the depositor's name *as trustee*. That requirement provides some degree of protection against his being made a trustee by witnesses after his death. Nevertheless, we recognize the principle that one may create a trust by a declaration that he holds specified property as trustee for another. Cf. Restatement of Trusts 2d § 17. That is the only basis on which the result in *Hale* is tenable, and we do not have it here. Smallwood v. Boyd, 314 Ky. 763, 237 S.W.2d 66 (1951), is distinguishable in that the owner of the property from which the funds deposited were derived had placed the property in the possession of the depositor with an express declaration of trust.

It is elementary that a trust cannot exist until some interest passes to the beneficiary, as is true also with respect to a gift causa mortis. Cf. Dawson v. Dawson's Adm'x, Ky., 272 S.W.2d 666, 668 (1954). An instruction merely directing the disposition of property upon the owner's death is not a declaration of trust. It is nothing but an attempted testamentary disposition.

The judgment is affirmed.

All concur.