11b 311
96 456
11bu311,
116 830
11bu311
116 830

CASE 15—WARRANT IN CITY COURT—SEPT. 22.

## Patterson v. Commonwealth.

APPEAL FROM PADUCAH CITY COURT.

1. ILLUMINATING OILS, ACT TO PROHIBIT SALES OF—CONSTITUTIONAL LAW.—The act of Feb. 21, 1874, prohibiting the sale within this state of all illuminating oils which will ignite at a certain named temperature, is no interference with the constitutional power of congress "to promote the progress of science and the useful arts, by securing, for limited times, to authors and inventors the exclusive right to their respective writings and discoveries."

2. RIGHTS OF PATENTEE TO SELL PATENTED PRODUCTS, ETC.—A state has no power to say through its legislature that the patentee shall not sell his patent or that its use shall be common to all its citizens. The discovery or invention is made property by reason of the patent, and this right of property the patentee can dispose of under the law of congress.

But when the fruits of the invention, or the article made, by reason of the application of the principle discovered, is attempted to be sold within the jurisdiction of a state, it is subject to its laws like other property.

3. THE USE OF PATENTED ARTICLES MAY BE RESTRAINED where detrimental to public morals, health, or safety.

R. K. WILLIAMS, . . . . . . . . . For Appellant,

CITED

Act of Feb'y 21, 1874, to regulate the sale and inspection of oils, etc.

Curtis on Patents, pp. 562, 154, 511, 88, 541.

3 Const. 14, Dudley v. Mayhew.

4 Fisher's Patent Cases, 186.

40 Maine, 434, Elmer v. Paunel.

12 Wall. 209, Tonnage Tax Cases.

14 Peters, 458, Phila. & Trenton R. R. Co. v. Stimpson.

JOHN RODMAN, Attorney General, ⎫
E. W. BAGBY, . . . . . . . . ⎬ . . . For Appellee.
C. E. MARSHALL, . . . . . . ⎭

(Briefs not in record.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant was indicted under the provisions of the statute of February 21st, 1874, entitled "An act for inspecting and gauging oils, liquids, etc." Section 6 of this act imposes a fine not exceeding $500 upon any person or persons who shall sell or offer to sell in this state, for illuminating purposes, oils or fluids the product of coal, petroleum, or other bituminous substances that will ignite or permanently burn at a temperature less than 130° Fahrenheit, etc.; also the same penalty upon those who sell in this state such fluids after they have been condemned by an authorized state inspector, and

the barrels or packages branded by him "*unsafe for illumi-nating purposes.*"

Appellant was engaged in selling an oil at her business house in Paducah, known as "*Aurora oil;*" and the state in-spector having tested nineteen barrels of this oil, as provided by the statute, branded them "unsafe for illuminating pur-poses," for the reason that it failed to stand the test required by the statute. It is agreed by the parties that this oil can not be made to conform to the requirements of the statute, and that the appellant sold the fluid as charged in the indictment. A fine of $250 was imposed upon the appellant, from which she prosecutes this appeal.

The defense is that the oil sold by appellant was a patented article, and as assignee of Davis, the patentee, she had the right to vend it in the counties of McCracken and other ad-joining counties, although in violation of the statute; that the state of Kentucky had no power to regulate by legislation the mode of selling articles for the invention of which a patent right had been obtained from the Federal government, as long as the exclusive use of the patent right is vested in the patentee or his assignee.

The power of congress to legislate in regard to patents is derived from section 8 of article 1 of the Federal constitution, that provides, "The congress shall have power to promote the progress of science and the useful arts by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries."

The opinion of Justice Davis in the case of The State v. Robinson (4 Fisher's Reports, p. 187) is relied on as sustaining the views presented by the defense in this case. There is no analogy in the facts of that case and the one before us. The legislature of Indiana enacted a law regulating the sale of patent rights, by requiring the patentee, before he disposed of the right, to file a copy of the patent in the county clerk's

office, and to make an affidavit that the letters patent were genuine and had not been canceled. Robinson, as the agent of the patentee, sold or offered to sell a patent right without complying with the provisions of the statute; and having been imprisoned by the judgment of the state court for this offense, Justice Davis held that he should be discharged from custody for the reason "that this power had been exercised by congress directing the manner in which patents shall be obtained, and when obtained how they shall be assigned and sold." It is further said in the opinion: "The property in inventions exists by virtue of the laws of congress. If the patentee complies with the law of congress on the subject, he has a right to go into the open market any where within the United States and sell his property."

There is a manifest distinction between the right of property in the patent, which carries with it the power on the part of the patentee to assign it, and the right to sell the property resulting from the invention or patent. A state has no power to say through its legislature that the patentee shall not sell his patent, or that its use shall be common to all of its citizens; for this would be in direct conflict with the law of congress; and that portion of the opinion referred to, giving the patentee an unrestricted power to sell, has allusion alone to his right of property in the patent right, as that was the only question involved in the case. The discovery or invention is made property by reason of the patent, and this right of property the patentee can dispose of under the law of congress, and no state legislation can deprive him of this right; but when the fruits of the invention or the article made by reason of the application of the principle discovered is attempted to be sold or used within the jurisdiction of a state, it is subject to its laws, like other property; and such has been the uniform decision of all the courts, state and federal, upon this question.

Chief Justice Kent, in the case of Livingston v. Van Ingen

(9 Johnson, page 581), said: "The power of congress is only to define the right of property; it does not extend to regulating the use of it; that must be exclusively of local cognizance. If the author's book or print contains matter injurious to public morals or peace, or if the inventor's machine or other production will have a pernicious effect upon the public health or safety, no doubt a competent authority remains within the states to restrain the use of the patent right."

The 29th section of the internal revenue act of March 2d, 1867, makes it a misdemeanor punishable by fine and imprisonment to mix for sale or to sell oil made of petroleum for illuminating purposes, inflammable at less temperature or fire test than 110° Fahrenheit. Under this law Dewitt was indicted in the U. S. Circuit Court for the Eastern District of Michigan, charged with offering oil for sale in Detroit in violation of the statute. There was a demurrer to the indictment, and the judges below dividing in opinion, the case was taken to the Supreme Court, and the question there made was whether the facts charged in the indictment constituted any offense under any valid and constitutional law of the United States. Chief Justice Chase, delivering the opinion of the court, said "that the enactment was a mere police regulation, and can only have effect where the legislative authority of congress excludes territorially all state legislation; as, for example, in the District of Columbia. Within state limits it can have no constitutional operation." (United States v. Dewitt, 9 Wallace, page 41.) This construction of the power of congress is fully sustained by all the authorities we have been able to find where the question was either directly or indirectly involved.

The right of the appellant to sell oil is not derived from the patent laws of congress. If no patent had been issued, the right to sell this character of property would exist; and the only benefit to be derived from the patent is, that it excludes others from selling the same kind of oil for a limited

period unless authorized to do so by the patentee, with the additional right on the part of the latter to sell and transfer his patent right in the mode prescribed by the patent laws.

The right of a state to protect its citizens from the danger attending the use of such fluids, although patented, is not inconsistent with any patent regulation nor in violation of the Federal constitution.

Judgment affirmed.*

CASE 16—PETITION ORDINARY—SEPT. 22.

*In this case an appeal from the foregoing decision has been taken to the Supreme Court of the United States.