Nunn v. Citizens' Bank.

---

CASE 45—ACTION ON NOTE—Nov. 18.

# Nunn v. Citizens Bank.

APPEAL FROM SHELBY CIRCUIT COURT.

1. CONSTITUTIONAL LAW—"PEDDLERS' NOTE" STATUTE.—Section 34, of sub-division 3, page 345, of the acts of 1891-2-3, entitled "An act relating to revenue and taxation," providing that notes given for articles or rights sold by a peddler shall be void unless they have written or printed across the face the words "peddler's note" is not a violation of section 51 of the Constitution. A provision designed to compel peddlers to comply with the law requiring them to take out license is germane to the subject, "revenue and taxation."

Nunn v. Citizens' Bank.

2. Statute—Application of "Peddlers' Note" Act to Bona Fide Holders.—The "peddlers' note" statute is not limited in its operation to its effect between the original parties to the note.

L. C. WILLIS for appellant.

The "peddlers' note" statute is not unconstitutional as a violation of section 51 of that instrument and it is not limited in its application to litigation between the original parties. Ky. Stats., secs. 4223, 4216; Tiedeman on Com. Paper, sec. 178; 9 Am. & Eng. Ency. of Law. 311; People v. Russell, 49 Mich., 617; Rash v. Farley, 12 Ky. Law Rep., 913; Farmers & Drovers Bank v. Unser, 13 Ky. Law Rep., 966; Cochran v. German Bank, 9 Ky. Law Rep., 196; Chapin v. Dake, 57 Ill., 295; Snoddy v. The Bank, 88 Tenn., 573; Bohon's Assignee v. Brown, 19 Ky. Law Rep., 540; Same v. Same, 20 Ky. Law Rep., 1496; Burnside v. Lincoln County Court, 86 Ky., 423; Phillips v. Covington & Cin. Bridge Co., 2 Met., 220; Hoskins v. Crabtree's Admr., 19 Ky. Law Rep., 1757; Ky. Con., sec. 51.

P. J. FOREE for appellee.

1. Section 34, sub-division 3, article 10, chapter 103, acts of 1891-2-3, is in conflict with section 51 of the Constitution of Kentucky.

2. If this section is not in conflict with the State Constitution, then the fair and proper construction of it is this: That if the parties to the note observe the law, and write "peddlers' note" across the face of it, the payor can make the same defenses to it after it is placed upon the footing of a bill of exchange that he could make against the original holder, but if the provision is not observed he can not. But if this is not done, as between the original parties to the contract, the note is void.

3. The answer does not show that Flinner, the original payee of the note, was a peddler at the time of the sale of the articles for which the note was executed.

Citations:  Ky. Con., sec. 51; Wulftange v. McCollom, 83 Ky., 361; Rushing v. Sebree, 12 Bush, 198; Fuqua v. Mullen, 13 Bush, 467; Jones v. Thompson's exr., 12 Bush, 394.

Same counsel for appellee in a petition for a rehearing.

JUDGE GUFFY delivered the opinion of the court.

The appellee instituted this action in the Shelby Circuit Court to recover judgment for the sums of $100 and $400, evidenced by two notes executed by appellant to John Flinner, payable at the Farmers' & Traders' Bank, in Shelbyville, Kentucky.

It is alleged that the notes were indorsed by said Flinner, and discounted before maturity.

The answer admits the execution of the notes. But it is alleged in the answer that the payee of the notes, John Flinner, was at the time said notes were executed, a peddler and hawker and dealer in patent rights; that the consideration for the notes, if there was any consideration, was a patent right, and that they were given for the right to sell a certain patent gate in parts of Kentucky, Tennessee, West Virginia, and Indiana; that the notes did not have written or printed across the face thereof the words "Peddler's Note;" that said notes are therefore void.

The court below sustained a demurrer to the answer, and rendered judgment for the amount claimed, and appellant prosecutes this appeal.

It is the contention of appellant that by the provisions of section 34, subd. 3, p. 345, Acts 1891-93, the notes in question are void. Said section reads as follows: "All notes given for articles or rights sold by a peddler shall have written or printed across the face, the words, 'Peddler's Note.' To such notes all defenses may be made as against the original holder, whether the same be placed upon the footing of a bill of exchange or not; and all contracts for articles or rights sold by a peddler without license, and all notes given for such articles or rights not having the endorsement across the face, as hereinbefore provided for, shall be null and void."

The validity of the act in question was fully discussed in a very able and exhaustive opinion delivered by Judge Burnam in Bohon's Assignee v. Brown, 19 Ky. L. R., 540, [41 S. W., 273].

The appellant in the case supra, being a national bank,

had discounted the note sued on, which note was made negotiable and payable at a bank in this State.

The court, in the opinion *supra*, held the note to be void and uncollectible, which doctrine was again adhered to upon a second appeal. 20 Ky. L. R., 1496, [49 S. W., 450].

The judgment in the case at bar was rendered before the decision in Bohon, &c. v. Brown, *supra*.

It is, however, insisted for appellee that the act in question is unconstitutional, because in conflict with section 51 of the present Constitution of the State; that the statute relied on by the appellant is embraced or included in the act of the Assembly entitled "An act relating to revenue and taxation;" and it is argued that section 34 of the said act is void, because it is not germane to or connected with the subject-matter embraced in the title.

It will be seen from an examination of the act relating to revenue and taxation, which is chapter 103, Laws of Kentucky, 1891-93, that it is an extensive act, and divided into various articles and subdivisions.

The section relied on by appellant is found under subdivision 3, tit. "Peddlers."

It has long been the custom to require license fees to be paid by peddlers, and also to define and prescribe their duties and fix their responsibilities; and it seems to us that the section relied on by appellant is not at all in conflict with section 51 of the Constitution, and not at all calculated to mislead any person.

It has often been held by this court that the provision of section 37 of the former Constitution, which provision is the same as that relied on by appellee, should not be technically construed, but should be construed so as to prevent the evils it was designed to guard against.

The act under consideration was designed to induce or compel peddlers to obey the law thus enacted for revenue purposes; and it can not be doubted but what the Legis- lature had the right to require the words "Peddler's Note" to be written across the face of such notes, or else such notes should be null and void.

It seems clear to us that the contention of appellee is untenable.

It is, however, contended for appellee that the statute, if valid at all, only makes the note void as between the parties. We think this contention of appellee is in direct conflict with the plain letter of the law.

It is further insisted that it was the duty of appellant to insert the words "Peddler's Note." It, however, seems to us that it was the business of the payee to prepare such a note for the signature of the payor as would be legal and valid.

It results from the foregoing that the court erred in sus- taining the demurrer to the answer.

The judgment appealed from is reversed, and the cause remanded, with directions to overrule the demurrer, and for proceedings consistent with this opinion.

THE WHOLE COURT SITTING, CHIEF JUSTICE HAZELRIGG AND JUDGE DuRELLE DISSENTING.

JUDGE DuRELLE DELIVERED THE FOLLOWING DISSENTING OPINION:

My objection to the opinion in this case is, that it nulli- fies the provision of section 51 of the Constitution, pro- viding that "no law enacted by the General Assembly shall relate to more than one subject, and that shall be express- ed in the title. . . ." This section should not, in my judgment, receive a strict construction, and assuredly has not done so at the hands of this court. The title of an act of the Legislature, expressed in general terms, should be

construed to authorize the insertion in the act of any pro-
vision conducing to effect the general purpose of the act
thus indicated, or which by fair and liberal construction
may be considered germane to the subject so expressed.
Beyond this, liberality of construction should not go.
The decision in this case goes far beyond this boundary.
The act (being chapter 103 of the Acts of 1891-93) is en-
titled, "An Act Relating to Revenue and Taxation," adopt-
ed November 11, 1892. It contains, as might be expected
from the title, a great many provisions in regard to a
great many different things. All of these provisions, how-
ever, should, and most of them do, relate more or less
nearly to the imposition of taxation upon various classes
of property, and the collection of the revenue arising there-
from. In so far as they do thus relate, they should be held
constitutional, under the section quoted; and this court
should not inquire too narrowly into the closeness of the
relation between the subject of the act as expressed in its
title, and the provisions embraced thereunder. Nor has
this court done so.

The section under consideration is printed as section
4223 of the Kentucky Statutes, and provides:

"All notes given for articles or rights sold by
a peddler shall have written or printed across
the face the words 'Peddler's Note.' To such notes
all defenses may be made as against the origi-
nal holder, whether the same be placed upon the
footing of a bill of exchange or not; and all contracts for
articles or rights sold by a peddler without license, and
all notes given for such articles or rights not having the
endorsement across the face, as hereinbefore provided,
shall be null and void."

It requires imagination to perceive the connection be-

tween this section and the title, "Revenue and Taxation." It bears no relation to, and sheds no light upon, the amount of taxation by way of license imposed upon peddlers, nor is it germane in any way to that subject. Nor does it in any way aid in the collection of any taxation or revenue, by license or otherwise, from any person or class of persons.

The suggestion has been made that if the words "Peddler's Note" were written across the face of a note, and the note should be discounted in bank, the revenue officers might accidentally learn thereby that the payee was carrying on the business of peddling, and, if they did so accidentally learn that fact, might be thereby enabled to collect the license required by law. This suggestion does not rise to the dignity of a quibble. No one would dream of finding such a provision affecting an alteration in the law merchant, under the title below which it is placed. It might just as well be expected to find under this title a section providing that all notes which did not state the consideration for which they were executed should be void. It is hardly possible to imagine any possible provision of law which is not as germane to any title as this provision is to the subject expressed by the title under which it is placed. Nor can the heading "Peddlers," of the subdivision in which the section occurs, in any way aid the defective title, for the requirement is that the subject be expressed in the title. Nothing in the body of the act can be construed to be a part of the title.

If the decision in this case is to be followed, section 51 is an absolute nullity. The constitutional provision was adopted, after careful consideration, as a remedy for a well-recognized evil; and, while it should not receive an illiberal construction, such as would duly hamper beneficial legislation, it must be

supposed to have some meaning. In the case of Bohon v. Brown this question was not suggested.

For these reasons I dissent from the opinion.

CHIEF JUSTICE HAZELRIGG concurs in this dissent.