CASE 60—ACTION ON NOTE—DEC. 5.

# Rumbley, Etc. v. Hall.

APPEAL FROM TODD CIRCUIT COURT.

107  349
121  598,
e122   52
e123  613

1. CONSTITUTIONAL LAW—PEDDLER'S NOTE STATUTE.—Section 4223, Kentucky Statutes (section 34, sub-div. 3, p. 345, of the acts of 1891-2-3, entitled an Act relating to Revenue and Taxation), providing that notes given for articles or rights sold by a peddler shall be void unless they have written or printed across the face the words "peddler's note," is not a violation of section 51 of the Constitution; a provision designed to compel peddlers to comply with the law requiring them to take out a license is germane to the subject of "Revenue and Taxation." Nor is the section cited a violation of the Federal Constitution, because it includes a sale of patent rights, such provision of the statue being a separable one.

2. STATUTES—APPLICATION OF PEDDLER'S NOTE ACT TO BONA FIDE HOLDER.—The peddler's note statute is not limited in its application to its effect between the original parties to the note. •

W. S. PRYOR FOR APPELLANT.

1. Section 4223, Kentucky Statutes, being section 34 of article X of the act of November 11, 1892, entitled "Revenue and Taxation," is unconstitutional and void in so far as it applies to persons selling patent rights or territory.

2. One of the notes in suit was placed on the footing of a bill of exchange and not being absolutely void, there is no defense pleadable thereto.

3. The allegation of fraud is not sustained by the evidence, but the trade and transaction were full and made with full knowledge of the facts by appellee, and he should not have relief from the payment of the notes.

Citations: Constitution, sec. 51; Acts 1891-2-3, title "Revenue and Taxation," art. X, secs. 27, 28, 29; Com. v. Petty, 96 Ky., 452.

EDWARD W. HINES for appellee.

1. Kentucky Statutes, section 4223, is not in conflict with the Federal Constitution in so far as it applied to notes given for patent rights sold by peddlers. Bohon's Assignee v. Brown, 19 Ky. Law Rep., 540; Com. v. Gardner, 19 Am. St. Rep., 645; Herdic v. Roessler, 109 N. Y., 127; Neu v. Walker, 108 Ind., 365; Shires v. Com., 120 Pa. St., 368; Mason v. McLeod, 57 Am. St. Rep., 327; Hennington v. Georgia, 163 U. S., 299; Patapsco, &c., Co., v. Bd. of Agriculture, 171 U. S., 345; Vanmeter v. Spurrier, 94 Ky., 22.

2. The note sued on was procured by fraud.

JUDGE HOBSON delivered the opinion of the court.

On October 21, 1893, appellee, J. H. Hall, executed to appellant H. W. Rumbley two notes, each for $150, payable at the Farmers' & Merchants' Bank of Elkton, Ky. Rumbley sold and assigned the notes to the appellant, the Landis Banking Company. The notes were executed for a patent right called the "California Kitchen Cabinet." The words "peddler's note" were not written or printed across the face of either of them. Hall claimed they were obtained from him by fraud, and that they were void, under section 4223, Kentucky Statutes, because the words "peddler's note" were not written or printed across their face. On the other hand, the Landis Banking Company claims that the paper had been put upon the footing of a bill of exchange; that, therefore, the defense of fraud could not be maintained against it, and that section 4223 of the

Kentucky Statutes, so far as it affects notes given for patent rights, is void.

It was held by this court in Commonwealth v. Petty, 96 Ky., 452; [29 S. W.; 291; 29 L. R. A., 786], that section 4215 of the Kentucky Statutes was unconstitutional as to persons selling a 'patent right; and it is argued that, as a vendor of a patent right can not be required to take out license, the other sections of the statute, which were intended for the better enforcement of the section requiring the license, are also unconstitutional; that the other sections are only germane to the subject named in the title of the act in the matter of revenue and taxation, and that to enforce them as to persons not required to pay any revenue or tax will be to make the act regulate a subject not referred to in the title.

In Bohon's Assignee v. Brown 19 Ky. L. R., 540, [41 S. W., 273], this court sustained section 4223 of the Kentucky Statutes, and held void a note precisely similar to that involved in this case, because it was not marked "peddler's note," as required by that section.

In the recent case of Nunn v. Citizens' Bank (decided at this term) [53 S. W., 665], it was also held, in a case very similar to this, that section 4223 was not unconstitutional on the ground that it refers to a subject not germane to that expressed in the title.

Though the precise point made by counsel in this case was not made in either of those cases, still it was involved in fact in both of them, and we do not see that the distinction now made is a sound one.

It is conceded by counsel that the statute is constitutional as to persons whom the Legislature may constitutionally require to pay a peddler's license tax. It is also conceded that the Legisla-

ture intended to embrace both matters in the act referred
to. The Legislature has a right to provide some scheme
for collecting taxes from those who are here to-day and
away to-morrow, but contribute nothing to the expenses
of the State Government, which they enjoy. The fact that
it has no power to collect these taxes from patent-right
men by reason of the Constitution and laws of the United
States, and that, therefore, a part of the act is void, does
not make the rest of it bad, the two provisions being en-
tirely separable. To so hold would extend by construction
the provision of the Constitution requiring that an act
shall relate to only one subject far beyond any case to
which our attention has been called.

In enacting the statute in question, the Legislature had
in mind not only the taxation of itinerant persons going
about peddling from place to place in this State, but the
prevention of frauds by them. Not uncommonly such
persons obtained notes by very questionable means, and
then, by selling the notes, left a loss to fall on either the
maker or the purchaser. It was a reasonable police reg-
ulation to tax these men, and to prevent frauds by those
who were evilly inclined, and from whom no redress could
be obtained by law.

When the Legislature desires to accomplish a certain
end, it is not required to separate and place under differ-
ent heads the different parts which constitute or make
up the relief intended. To do this would be to create only
confusion. Where all the parts have a natural connection,
they may be placed in one act under one head. The pro-
vision requiring peddlers' notes to be so marked adver-
tises their business, and tends to secure the collection of
the tax on them. The provision that the purchaser shall
take these notes subject to all the defenses the maker has

Rumbley, &c., v. Hall.

to them tends to prevent the peddler from selling them, and leaving the State with the proceeds, thus defeating the collection of the revenue.

The provisions of the act have a natural connection, and the fact that they were designed also to protect the citizens of this State from imposition does not require that they should have been separated, and put under different heads. If such a practice were followed, our laws would become so fragmentary that persons would often be misled.

The provision of section 51 of the Constitution that no law enacted by the General Assembly shall relate to more than one subject, and that this must be expressed in the title, relates only to the face of the act. If the act on its face is good, and all its provisions have a natural connection with the subject expressed in the title, it can not be held bad under this section because some of its requirements connecting the parts together may be in conflict with the Constitution or laws of the United States. The invalid provision may be rejected, and the rest of the act enforced.

The judgment of the lower court, being in accord with these views, is therefore affirmed.