The controversy in this case, although it does not appear from the petition, grows out of the fact that during the lifetime of L. F. Parmerlee, who was a resident of Preble county, he was the owner of fifty shares of the par value of $5,000 of the capital stock of the Indiana Stacker Company, a corporation organized under the laws of the state of Indiana, and doing business wholly in the state of Indiana. The entire capital, assets or property of said corporation consisted solely of patent *618 rights granted by the government of the United States to - for the protection in the manufacture of stackers, which patents were transferred to the corporation; the corporation did not manufacture the stackers but simply did a business of licensing other manufacturing associations to manufacture the stackers upon a royalty paid to the Indiana Stacker Company, which royalties were the only income received by said stacker company; that the stacker company had no other ■capital or personal property or real estate except some few ■office fixtures; that during the lifetime of said Parmerlee he 'failed to return said- stock for taxation; that after his death the auditor of Preble county, at the instance of the tax inquisitor, placed said stock upon the tax duplicate at the valuation ■of $10,000 and added thereto the fifty per cent, penalty, the tax upon which he seeks now to recover.
The defendants deny the right of the plaintiff to recover on the ground that the stock is not taxable, averring that the capital and assets of said corporation consist solely in patents of the United States, which patents, being the sole capital of said •company, are not property subject to taxation, and not being property subject to taxation, the stock issued by said company .is not property subject to be listed for taxation.
To this answer the plaintiff has filed a demurrer, and that raises the question whether stock, held by a citizen and resident ■of Ohio, in a foreign corporation, doing its business without the state of Ohio, whose sole capital is patent rights issued by the government of the United States, is taxable under the laws of the state of Ohio.
It is well settled law that patent rights granted by the United .’States, as distinguished from tangible property produced by the application of the invention, are not within the taxing power of the state. So the capital of a corporation, organized .for the purpose of taking over the patent rights by assignment from the original patentee, having no other capital or tangible •property save the patent rights, is not within the taxing power of the state (The People, ex rel Edison Electric Illuminating Co. of Brooklyn, v. The Board of Assessors of the City of Brook *619 lyn, 156 N. Y., 417; Hubbard, Treasurer, v. Brush, 61 O. S., 252; Commonwealth v. Electric Mfg. Co., 157 Pa. State, 265; Weber v. Virginia, 103 U. S., 344; Commonwealth v. Petty, 96 Ky., 452).
It is urged by counsel for the defendant with much force and confidence that for the purpose of taxation in Ohio, shares of the stockholders and the capital or the capital stock of a corporation constitute one and the same property.
In support of this claim they cite the ease of Jones, Auditor, v. Davis, 35 O. S., 474, in which Boynton, J., on page 477, says:
“The fund subscribed and paid to carry out the purpose of the organization remains the capital stock of the company as fully, within the meaning of the statutes, after.it has been converted into property necessary for its business operations as before. For the purposes of taxation the capital stock is represented by whatever it is invested in.”
It is reasoned, therefore, that inasmuch as the “capital stock” of the Indiana Stacker Company, being solely patent rights, can not be taxed by the state of Indiana, and if doing business either 'as' a foreign or domestic corporation in Ohio, could not be taxed by the state of Ohio, then the stock in the hands of the shareholders, representing the capital stock of the company, and being the same property, is not within the taxing power of the state of Ohio.
I can not agree with counsel that his contention is supported by the language used by Judge Boynton. True, he says, “.For the purposes of taxation the capital stock is represented by whatever invested in.” This must be read in connection with the entire opinion. The term “capital stock” as used, clearly was intended to refer to “the capital” of the corporation and not to “shares of stock.”
The exact question has nowhere, so' far as I have been able to examine, received judicial determination; and whether the contention of the defendant is true must depend upon the application of the fundamental law and the statutes of the state relating to taxation, as construed by our highest court.
Section 2 of Article XII of the Constitution of Ohio provides that—
*620 “Laws shall be passed taxing by a uniform rule all # * # stock, joint stock companies, or otherwise; and also all real and personal property according to its true value in money.”
And that—
“Personal property to an amount not exceeding in value two hundred dollars for each individual may, by general laws, be exempt from taxation.”
Section 2731 of the Revised Statutes provides that—
“All property, whether real or personal, in this state and whether belonging to individuals or corporations, and all moneys, credits, investments in bonds, stocks, or otherwise, of persons residing in this state, shall be subject to taxation, except only such as may be “expressly exempted therefrom; and such property, moneys, credits and investments- shall be entered on the list of taxable property, as prescribed in this title.”
Section 2730 provides that—
“The term ‘investments'in stocks’ shall be held to mean and include all moneys invested in the capital or stock of any bank, * * * joint stock company or other company, the capital or stock of which is nr may be divided into shares, which are transferable by each owner without the consent of the other partners or stockholders, for the taxation of which no special provision is made by law, held by persons residing within this state, either for themselves or others; the terms ‘personal property,’ shall be held to mean and include, first, every tangible thing being the subject of ownership; second, the capital stock, undivided profits, and all other means not forming part of the capital stock of every company, whether incorporated or unincorporated, and every share, portion, or interest in such stocks, profits, or means, by whatsoever name the same may be designated.”
Section 2736 of the Revised Statutes provides:
“Each person required to list property shall annually * * * make out and deliver to the assessor a statement,-verified by his oath * * * of all the personal property, moneys, credits, investments in bonds, stocks, joint stock companies * * * in his possession or under his control on a day preceding the second Monday of April of that year, which he is required by law to list for taxation, either as owner or holder thereof. ’ ’
*621 Section 148c, prior to its amendment approved April 27, 1904, 97 O. L., 495, provided—
“No person shall be required to list for taxation any share or shares of the capital stock of any corporation, whether domestic or foreign,, the property of which is taxed in the name, of such company in Ohio, nor shall any person be required to' list for taxation any share or shares of the. capital stock of any corporation, whether domestic or foreign, if satisfactory proof,' when demanded, is furnished to the taxation authorities by the holder of such share or shares, that two-thirds or more of the property of such corporation is taxed in Ohio and the remainder is taxed in some other state or states of the United States.”
Section 2746 of the Revised Statutes provides—
“Personal property of every description, moneys, and credits, investments in bonds, stocks, joint stock companies, or otherwise, shall be listed in the name of the person who was the owner thereof on the day preceding the second Monday of April in each year, but no person shall be required to list for taxation any share or shares of the capital stock of which is taxed in the name of such company. ’ ’
Section 2744 of the Revised Statutes provides—
“That the president, secretary and principal accounting officer * * * of every joint stock company excepting banking or other corporations whose taxation is specifically provided for, for whatever purpose they may have been created, whether incorporated by any law of this state or not, shall list for taxation, verified by the oath of the person listing, all the personal property which shall be held to include all such real estate as is necessary to the daily operation of the company, moneys and credits of such company or corporation within the state at the actual value in money.”
Under the Constitution and these sections of the statutes, it is plain that shares of stock in a joint stock company are subject to taxation; and a citizen of the state, holding shares of stock in a joint stock company, is required to list the same unless he is excused therefrom by an exemption of such property clearly provided by law. And it is further plain that corporations or joint stock companies, doing business in the state, must list all their property for taxation.
*622 The court, Boynton, J., in construing Sections 2744 and 2746, in Jones, Auditor, v. Davis, above cited, says:
“The personal property which a corporation, organized and doing business under the laws of this state, was required to list for taxation by Section 11 of the act of May 11, 1878 (now Section 2744 of the Revised Statutes), embraced the capital stock of the corporation, and such being the case, an owner of shares of the capital stock of such company, being specifically exempted from listing for taxation by Section 13 of the Act of May 11, 1878 (now Section 2746 of the Revised Statutes), any share or shares of the capital stock of any company, the capital stock of which is taxed in the name of the company, was not required to list his shares for taxation.”
The court in this case simply defines what constitutes and makes up the capital stock of the corporations for the purpose of taxation.
“The capital stock is represented by whatever it is invested in.”
Holding, then, that the “capital stock” of the corporation was the property in which the capital was invested for business and that a return of such property, under Section 2744, for taxation was a listing for taxation of its “capital stock,” then, by Section 2746, a holder of shares of stock in such corporation was not required to list such shares for taxation, being exempted by law.
I am not advised whether or not the laws relating to taxation of stocks prior to the act of April 5, 1859, Yol. 56 Ó. L., 175, contained this exemption; and it may be reasoned that the Legislature looked upon shares of stock in the hands of stockholders and the “capital stock” of the corporation as one and the same property, and that to tax the shares of stock and also to tax the “capital stock” of the corporation would be double taxation; and to avoid the holdings of the courts that shares held by stockholders are distinct property from the “capital stock” of the corporation, it provided this exemption.
This exemption from taxation, however, of investment in stocks, provided by these statutes, applies only to shares.of stock *623 in those corporations which are required to return their capital and property for taxation in Ohio. This exemption can not be enlarged. It must be construed in accordance with its exact, terms, as it is “a well settled rule that an exemption from taxation must be expressed in clear and unmistakable terms and can not be shown by doubtful or ambiguous language (Providence Bank v. Billings, 4 Peters, 514; Gilfillan v. Canal Co., 109 U. S., 401; Lee, Treasurer, v. Sturges, 46 O. S., 153-159).
Our Supreme Court has held that the exemption does not apply to shares of stock owned by a citizen of Ohio in a corporation which is not required to return its capital for taxation by reason of its non-residence and that the owner of such shares of stock is required to list the same for taxation, regardless of the fact that such corporation may be required in the state in which it does business to return its capital and property for taxation (Worthington v. Sebastian, 25 O. S., 1; Bradley v. Bauder, 36 O. S., 28), the syllabus of which case is as. follows:
“By the provisions of the act of May 11, 1878, an- owner, residing in Ohio, of shares of stock in a foreign corporation, is required to list the same for taxation notwithstanding the capital of the corporation is taxed in the state where the corporation is located.”
This being the law in Ohio, it must be plain that this stock, held by Mr. Parmerlee in the Indiana Stacker Company, was subject to taxation and he was bound to list the same, unless he was excused because the capital of the stacker company, being solely patents and not within the taxing power either of the state of Indiana, where located, or the state of Ohio, if located in such state, was exempt from taxation by operation of law, and the capital being exempt from taxation, the exemption applied to and included the shares of stock, and they could not be taxed under the laws of Ohio.
It is argued that any other holding would defeat the rule denying the right of the state to tax patent rights, agencies granted by the federal- government for federal purposes, and *624 thus obstruct and even destroy the very agency which the government seeks to protect.
The soundness of this reasoning depends upon the fact whether, in law, shares of the stockholders and the capital of the company constitute the same or different species of property; that is, the shares are identical and stand in the place and stead of the patents, which are the capital of the corporation, and the exemption, accorded by federal authority to owners of patents, exempting their patents from taxation for federal purposes, must be accorded to the owner of shares of stock which represent and stand in place of the patents.
I think it is the settled law in Ohio, both by statute and by judicial decision, that shares of stock constitute property distinct from the capital or property of the company (Section 3255 Revised Statutes of Ohio; Lee, Treasurer, v. Sturges, 46 O. S., 153; Bradley v. Bauder, 36 O. S., 28; Jones v. Davis, 35 O. S., 476).
This holding of our court is supported by federal authority in the case of Sturges v. Carter, 114 U. S., 511; Farrington v. Tennessee, 95 U. S., 679; Dewing v. Perdicaries, 96 U. S., 193.
Boynton, J., in the case of Jones v. Davis, above cited, on page 476, says:
“The capital stock of a corporation consists of the money and property subscribed and paid' in for the purpose of carrying on its- business operations. It constitutes a corporate fund, belonging to the corporate body. The ownership of a share of stock involves the right to participate in the dividends declared from the profits of the business, and upon the dissolution of the corporation to a proportionate share of the fund remaining after payment of the corporate debts. This interest or right, however, does not enable the shareholder to withdraw any portion of the capital stock of the corporation from its control nor to exercise any authority over it further than to participate to the extent of his stock in the election of a board of managers, charged with the conduct of' the business for which the corporation ivas created.
• ‘1 The fund subscribed and paid in to carry out the purposes of the organization remains the capital stock of the company as fully, within the meaning of the statute, after it has been *625 converted into property necessary for its business operations, and for which it is subscribed, as before. For the purposes of taxation the capital stock is represented by whatever it is invested in.”
In Bradley v. Bauder, above cited, Boynton, J., on page 35, says:
“The ownership of a share of stock, so far as the property of the corporation is concerned, is but the ownership of the right to participate, from time to time, in the net profits of the business, and, upon the dissolution of the corporation, to a proportion of the assets, after the payment of the corporate debts. It is personal property, which, upon the death of the owner, goes to its administrator, although the entire capital of the corporation may consist of real estate. The owner may sell or dispose of his stock at pleasure, and, in so doing, works.no change or modification in the title to the corporate property. From this it would seem to result necessarily, that its situs, for purposes of taxation, when not otherwise provided by statute, is that of the domicile of the owner.”
On page 36 of the same authority, the court says:
“The constitutional power to tax shares of stock, owned by our citizens in corporations located without the state, does not depend on whether the capital of the corporation is or is not taxed in the state where the corporation is created. The power is the same, whether the capital of the corporation is there taxed or not; otherwise, the power of taxation conferred by the Constitution would be made to depend upon the operation of laws of a foreign jurisdiction — a proposition so obviously ill-founded that the moment it is stated its falsity becomes apparent. ’ ’
So it is held that shares of stock, held by a resident citizen of Ohio in a corporation which is not required to return its capital stock for taxation in Ohio — in other words, a foreign corporation — must be returned for taxation, and that such a construction given to the law is not in conflict with the Constitution of the United States or the Constitution of the state.
Shares of stock and the capital of a corporation generally represent entirely different values. The capital stock may be of much greater value in money than the shares of stock, whose *626 value is largely determined from their dividend-earning power; so, too, the value of the shares of stock in money, by reason of their dividend-earning capacity, may be very great, while the capital or capital stock of the company may be very small in money value.
Oscar Sheppard and Prosecuting Attorney Cahill, for the plaintiff.
Gilmore & Gilmore, for defendants.
If the Indiana Stacker Company was a domestic corporation,, doing business in Ohio, having as its sole capital patent rights, probably, but it is not without question, the shares of stock of the company, owned by our citizens, would be exempt from taxation; not because the shares of stock represent any title of the individual holder in the patents or any transferable interest in the patents, but because of the exemption provided by Section 2746 and other sections of the Revised Statutes of Ohio.
The Indiana Stacker Company, however, is not a corporation doing business in Ohio, whose capital stock, if any, would be subject to taxation under the laws of Ohio, and therefore the stock held by Mr. Parmerlee, being a distinct species of properly from the capital or the patents of the company, was subject to taxation and should have been returned by him for that purpose.
I am therefore constrained to- sustain the demurrer to the answer so far as this defense is concerned.