Case 76.—ACTION BY W. C. JOHNSON AND OTHERS AGAINST THE CITY OF FULTON TO ENJOIN THE AUTHORITIES FROM APPROPRIATING REVENUES TO BUILD A COURT-HOUSE AND JAIL.—December 8.

## Johnson, &c. v. City of Fulton.

Appeal from Fulton Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for defendant. Plaintiffs appeal. Affirmed.

1. Circuit Courts—Construction of Act Authorizing Holding in Town Other Than County Seat—The act of the general assembly authorizing the holding of circuit courts in counties in which there are towns over seventeen miles from the county seat, and having a larger population than the county seat, is not violative of sec. 51, Constitution, because there is but one subject, the holding of circuit courts, expressed in the title. Nor is it special legislation because the act applies to all the counties of the State, and, therefore, is not in violation of sec. 59 of the Constitution. Neither does the act change the county seat, but merely allows circuit courts to be held at a place for a part of the time other than the county seat.

2. Powers of Legislature—The legislature may authorize a liability by a city for purposes of this kind for the reason that under a State Constitution the legislature has all power except such as is taken from it by the Constitution.

SHELBOURNE & KANE for appellants.

HAZELRIGG & HAZELRIGG of counsel.

In discussing the constitutionality of the act, it is our purpose to discuss this portion of the case only in part.

We beg to submit to the court that this act is unconstitutional for the following grounds and reasons, to-wit:

1. Because, it is a local and special act to regulate the jurisdiction, practice and circuits of the courts of justice in this State.

Johnson, &c. v. City of Fulton.

2. Because, it is a local and special act in a case where a general law can be made applicable.

3. Because, it relates to more than one subject.

Sections 59 and 51 of the Constitution are the sections involved in this matter. These sections, or so much of them as are pertinent to the question under consideration, are as follows:

"Sec. 59. The general assembly shall not pass local or special acts concerning any of the following subjects, or for any of the folowing purposes, namely:

"1. To regulate the jurisdiction, or the practice, or the circuits of the courts of justices. * * *

"29. In all other cases where a general law can be made applicable, no special law shall be enacted.

"51. No law enacted by the general assembly shall relate to more than one subject." * * *

### AUTHORITIES CITED.

Nichols v. Walters, &c., 33 N. W. Rep., 800; State, &c. v. Anderson, 6 N. E. Rep., 571; State v. Mitchel, 31 Ohio St., 592; Mott v. Hubbard, 59 Ohio St., 199; Edmonds v. Herbradson, 2 N. Dak., 270; Devine v. Commissioners, &c., 84 Ilinois, 590; Commonwealth v. Patton, 88 Pa. St., 258; State v. Ellet, and Note, 21 Am. St. Rep., 772; United States v. Arredondo, 6 Pet., 705; Freeman on Judgments, sec. 118; Ky. Stats., sec. 965; Knopf v. People 185 Illinois, 20; State v Des Moines, 96 Iowa, 521; State v. County Court, 50 Mo., 350; Cheaney v. Hooser, 9 B. M., 330; Southgate v. City of Covington, 15 B. M., 491; Zimmerman v. Brooks, 80 S. W. Rep., 443; State v. Higgins, 51 S. C., 51; 99 Fed. Rep., 354; 91 California, 238; 126 California, 226; 24 Utah, 426; 9 Iowa, 30; 40 N. J. L., 71; Hind v. Rice, 10 Bush, 528; Rushing v. Sebree and Wife, 12 Bush, 189; Jones, &c. v. Thompson, Er'or, 12 Bush, 394; Bryan v. Board of Education, &c., 90 Ky., 322; Dillon on Municipal Corporations, sec. 89; Patton v. Stephens, 14 Bush, 324; City of Covington v. Kenton County, &c., 82 S. W. Rep., 392.

ROBBINS & THOMAS for appellee.

JNO. W. RODMAN, ED. THOMAS, HERBERT CARR, FRANK CARR and H. T. SMITH of counsel.

### AUTHORITIES CITED.

1. The act in question is a general law, and not a special or local law. (Sutherland on Statutory Construction, secs. 124 and 127; Cooley's Constitutional Limitations, star page 129; 102 Ky.,

Johnson, &c. v. City of Fulton.

423, Winston v. Stone; 93 Am. St. Reports, 102, and notes by Mr. Freeman; 40 N. J. L., 123; 64 Iowa, 603; 65 Iowa, 655; 8 Colorado, 417; 18 Ohio St., 85; 70 Illinois, 680; 77 Penn. St., 338; 85 Penn St., 410; 108 Tennessee, 82.)

2. If the act in question should be determined to be special, it violates no provision of section 59 of the Constitution of Kentucky as:

(a.) It does not regulate the practice or jurisdiction of the court. (12 A. & E. Ency. of Law, 1st Ed., 244; 26 Ky. Law Rep., 863.)

(b.) It is not one to change the venue of actions. (3 A. & E. Ency. of Law, 1st Ed., 90; 28 A. & E. Ency. of Law, 1st Ed., 200; Ky. Stats., secs. 1094, 1104 and 1109; Third Constitution of Ky. art. 2, sec. 38; 20 Ky. Law. Rep., 451.)

(c.) The statute in question is not one changing the county seat. (4 A. & E. Ency. of Law, 1st Ed., 402; Webster's Unabridged Dictionary, word "County Seat;" Present Constitution of Ky., secs. 111 and 125.

(d.) The legislature is the sole judge as to whether a general law can be made applicable. (Cooley's Constitutional Limitations, star page 129; Sutherland on Statutory Construction, 117; 33 L. R. A., p. 97; 93 American State Reports, 102, and notes by Freeman; 29 Indiana, 409; 37 Indiana, 155; 46 Indiana, 355; 50 Missouri, 317; 51 Missouri, 288; 62 Missouri, 247; 7 Colorado, 305; 1 Kansas, 178; 5 Nevada, 124; 7 Nevada, 23; 26 Iowa, 340; 173 United States Reports, 528.)

3. It is competent for the larger town, as provided in the act, to provide the courthouse and expenses of holding the court. (Nienaber v. Tarvin, Judge, 20 Ky. Law Rep., 451; 3 L. R. A., 97; 8 "Cyc.," p. 840; 60 Maine, 356.)

4. The court can not declare a statute invalid because it may violate a supposed spirit of the Constitution. (Cooley's Constitutional Limitations, star page 171; 8 "Cyc.," 778; 27 American State Reports, 106; 16 Colorado, 274; 5 Colorado, 445; 22 California, 293; 59 Indiana, 225; 57 Indiana, 171; Barb. [N. Y.], 248; 21 Ohio State, 14; 6 Coldwell [Tenn.], 233; 51 Federal Reporter, 774; 26 Ky. Law Rep., 558; 28 Louisiana, 272; 32 Florida, 545; 69 Iowa, 351; 51 Michigan, 503.)

5. In doubtful cases the law should be construed to be constitutional, rather than unconstitutional. (26 Ky. Law Rep., 985, at page 987.)

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

The last General Assembly passed the following statute:

"An act to regulate the holding of circuit courts in counties in which there are towns over seventeen miles from the county seat, and having a larger population than the county seat.

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"Sestion 1. That, in all counties in the State having a town not larger than the fourth class, and containing a population larger than that of the county seat according to the federal enumeration, 1900, and situated over seventeen miles from the county seat, the circuit court for each of said counties shall be held alternately so as to divide the time between the county seat and the larger town as the business may require. The first part of each term as now provided by law to be held at the county seat, and the other part of the term to be held at the larger town.

"Section 2. And all civil cases arising in each of said county seats, and those cases where the first named defendant resides nearest to the said larger town shall be tried at the court held at the larger town.

"Section 3. All criminal cases arising in each of said courts, shall be tried in the court held at the town situated nearest to the place where the offense was committed: Provided, That the expense of furnishing a court room and prison at said larger town shall be borne by the larger town, as well as the expense of securing a vault and depository for books and papers pertaining to the records of the circuit court of such county, and any other expense pertaining to the moving of records and holding said court at the larger town without expense to the county." (Acts 1904, p. 43, c. 11.)

The town of Hickman, in Fulton county, is a town of the fifth class, and is the county seat. The city of

Fulton is a city of the fourth class, located more than seventeen miles from Hickman, and has a larger population than Hickman. After the act became effective the city of Fulton began to build a courtroom and jail for the purpose of having circuit courts held there under the act. Thereupon appellants, who are taxpayers of the city, brought this suit to enjoin the municipal authorities from appropriating its revenues for this purpose, upon the ground that the act is unconstitutional, and that the city has no authority to incur the expenses referred to. The circuit court dismissed the petition, and they appeal.

It is insisted for appellants that the act is in violation of section 51 of the Constitution, which requires that an act shall relate to only one subject, and that this shall be expressed in the title; that it is in violation of section 59 of the Constitution, forbidding special legislation; that it is in violation of section 64 of the Constitution providing that the county seat of a county shall not be moved except upon a vote of two-thirds of the legal voters of the county voting at an election on that question; and that under sections 162 and 179 of the Constitution the city of Fulton can not use its funds for the purposes named. We are unable to see that any of these objections are maintainable. The subject expressed in the title of the act is the holding of circuit courts in counties in which there are towns more than seventeen miles from the county seat having a larger population than the county seat. Everything in the act relates to this subject. The expense of holding the court is germane to the subject expressed in the title of the act. (Jacobs v. L. & N. R. R. Co., 10 Bush, 263; Bierley v. Turnpike Co., 29 S. W., 874, 17 Ky. Law Rep., 36; Rumbley v. Hall, 107 Ky., 349, 54 S. W., 4; 21 Ky. Law Rep., 1071.)

The act is not special legislation within the meaning of section 59 of the Constitution. It applies to all counties in the State coming within the purview of its provisions. The fact, if it be a fact, that only one county in the State now falls within its provisions, is immaterial. There is now but one city of the first class in the State, and probably will not be for years. (Commonwealth v. Taylor, 101 Ky., 325, 19 Ky. Law Rep., 552, 41 S. W., 11.) It is unnecessary for us to determine whether the act would apply to the town of Corbin, in Whitley county, or the town of Grand Rivers, in Livingston county, or to any other town in the State. Whenever any town comes within the provisions of the act, it may take advantage of it, and it may be that the act will eventually be applicable to quite a number of towns.

The act does not change the county seat of the county. That remains at Hickman, as heretofore. The act simply allows the circuit court to be held at a place other than the county seat a part of the time. Such legislation has been in force in other counties of the State for a long time (Ky. Stats. 1903, sec. 980), and it is simply designed to secure public convenience. Section 64 of the Constitution refers to the removal of the county seat from one place to another, and was designed to prevent the struggles that frequently went on over this question when a majority vote merely was sufficient to move the county seat.

Section 162 of the Constitution forbids a municipality from paying any claim created against it under any agreement or contract made without express authority of law, and section 179 forbids a municipality lending its credit or appropriating any money to any corporation, association or individual. But these sections of the Constitution must be read in connection with section 156, which provides that the

Legislature may by general law regulate the powers of the municipalities of the State. The Legislature has the authority to allow a city to incur a liability of this sort for the reason that under a state Constitution the General Assembly has all power except such as is in fact taken from it by the Constitution.

Judgment affirmed.