## Andrews, et al. v. McCarty, et al.

(Decided March 17, 1925.)

### Appeal from Fayette Circuit Court.

1. Insane Persons—County Court May Settle Accounts of Committee Appointed Either in County or Circuit Court.—Under Ky. Stats., sections 1062, 2149, 2153, county court may settle accounts of committee of insane person appointed either in county or circuit court in same manner as it settles accounts of guardian.

2. Insane Persons—County Court's Settlement of Accounts of Committee Confirmed Without Exceptions Held Subject to Surcharge. —County court's settlement of accounts of committee of insane person confirmed without exceptions held subject to surcharge, in view of fact that confirmation of such settlement is not conclusive.

3. Appeal and Error—Irregularity in Form of Attack upon County Court's Settlement of Accounts of Committee Held Not Reversible Error.—Where instead of proceeding regularly in equity to surcharge uncontested county court's settlement of accounts of committee of insane person, plaintiff in suit against committee and surety filed exceptions to county court's settlement, which committee had presented in response to order to file statement of accounts, irregularity of proceedings held not prejudicial error, in view of Civil Code of Practice, section 134, no substantial rights of defendants being prejudiced.

4. Insane Persons—Failure to Allow for Services to Insane Person Not Disturbed in View of Weight Attaching to Judgment of Chancellor.—Court's failure to allow doctor for his services to brother-in-law, prior to inquest adjudging latter of unsound mind, in taking him to his house and caring for him, where money in hands of committee was not subject to claims of creditors, and where doctor's wife received a check for $400.00 which evidently went to her, held not to be disturbed, in view of weight given to judgment of chancellor.

5. Insane Persons—Surety on Committee's Bond Proper Party Defendant to Action to Surcharge County Court's Settlement.—Where action was in substance one to surcharge uncontested county court settlement of accounts of insane person's committee, surety on committee's bond held proper party defendant.

W. C. HOBBS for appellants.

FRANK GINNOCCHIO for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON.—Affirming.

On March 10, 1920, J. J. McCarty was adjudged of unsound mind in the Fayette circuit court and committed to the asylum. On July 17, 1920, Dr. A. J. Andrews qualified as his committee in the Fayette circuit court and executed bond with W. C. G. Hobbs as his surety. McCarty was the brother of Mrs. Andrews. On November 14, 1921, Dr. Andrews, as committee, made a settlement of his accounts with the judge of the Fayette county court, which was then filed and laid over for exceptions. On November 19, 1921, an order was entered in the Fayette circuit court setting aside the order of March 10,

1920, by which McCarty was adjudged of unsound mind. On December 12, 1921, the settlement of Dr. Andrews, as committee, was confirmed by the county court, no exceptions having been filed thereto. On February 20, 1922, this suit was instituted by McCarty against Dr. Andrews and W. C. G. Hobbs as his surety, alleging in his petition that Dr. Andrews had received $1,538.04, which he still had in his hands and that he had made no settlement of his accounts. The defendants, by their answer after their demurrer to the petition was overruled, denied its allegations and in the second paragraph pleaded the settlement made in county court and the judgment of that court confirming the settlement in bar of the action. That settlement showed that Dr. Andrews had more than paid out all the money that came into his hands. The plaintiff demurred to the second paragraph of the answer. The court sustained the demurrer and on motion of the plaintiff required the committee to file a statement of his accounts. He filed as such a copy of his county court settlement. Thereupon the plaintiff filed exceptions to this settlement charging that the committee had received more money than he had been charged with and that a number of the credits were improperly allowed. The case was then referred to the commissioner to make a settlement with the committee. He took proof and reported a settlement. Both sides filed exceptions to it. Additional proof was taken and on final hearing the circuit court entered judgment against the committee for $518.53 and against the surety in the bond for $500.00, that being the amount of the bond. From this judgment the defendants appeal.

The first question in the case is as to the validity and effect of the county court settlement. Section 1062, Kentucky Statutes, among other things, provides:

"The county judge shall make settlements with personal representatives, trustees, assignees, committees, curators and guardians in his county; or may, if he thinks proper, appoint a special commissioner to make such settlement."

Section 2149, Kentucky Statutes, among other things, provides:

"The several circuit and county courts have power and jurisdiction within their respective

counties . . . to require the committee to make settlements upon the same terms and in the same manner as is given over the persons, estates and guardians of infants."

Section 2153, Kentucky Statutes, further provides:

"The power and duty of the committee of an idiot, lunatic, imbecile or incompetent person shall, in all respects, be the same as those of the guardian of an infant, except as to education."

Under these provisions of the statute the county judge has jurisdiction to settle the accounts of a committee just as he settles the accounts of a guardian, whether the committee is appointed in the county court or the circuit court. The circuit court has also jurisdiction to make these settlements, but ordinarily to make a settlement in the circuit court an action must be brought; the necessary parties must be brought before the court and the case must be referred to a commissoiner. To do this involves considerable cost and to avoid this cost to estates the county judge is given authority to make the settlements by the statute. When the settlement is made in the circuit court the judgment confirming the settlement is a final judgment and as long as it stands is conclusive upon the parties. After a suit is brought in the circuit court for a settlement the committee cannot go before the county judge and make a settlement, for the jurisdiction of the circuit court has then attached. A settlement so made by the county judge after the suit was brought in the circuit court was held void in Denning v. Paynter, 42 S. W. 1112. The opinion in that case rests on this ground and we have not found or been referred to any opinion going further.

On the other hand, it has been held by this court in a long line of cases that the order of the county court confirming such a settlement without exceptions is not a judicial decision, but as the ward is not before the court, partakes rather of the character of a ministerial act. The confirmation is not conclusive upon the parties and the court itself may order another settlement in which errors in the first may be corrected. Such settlements are only *prima facie* evidence subject to surcharge and they operate rather as a means of preserving evidence. Scott v. Kennedy, 12 B. M. 510; Bell v. Henshaw, 91 Ky. 430; Turley v. Barnes, 103 Ky. 127; Caplinger v. Prit-

chard, 136 Ky. 349.   In the case last cited the court said this:

"An action may be instituted in equity in the circuit court surcharging his settlements, and force him to account for what he owes the estate.

"The rule is well established that when a settlement of a fiduciary is contested in the county court, and that court tries the exceptions on their merits, the remedy of the aggrieved party is by appeal, but not so when there is no trial, and his exceptions are dismissed without a hearing as in the case at bar."

The county court settlement confirmed without exceptions, not being void and being subject to surcharge; when the answer was filed pleading this settlement, the plaintiff regularly should have amended his petition and alleged the errors in it.   If he had done this the action might have proceeded regularly as an action in equity to surcharge that settlement.   While this was not done in form everything that would have been accomplished by such an amendment to the petition was done by the exceptions filed to the settlement in the circuit court.   The exceptions set up every fact that should have been set up in an amended petition to surcharge the county court settlement.   Proof was taken on these exceptions and the case was heard on the merits.   While the proceeding was irregular no substantial right of the defendants was prejudiced.   Section 134 of the Code of Practice provides:

"The court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Under this provision the judgment appealed from cannot be reversed on account of the form of the proceedings.

On the merits of the case we have had more difficulty.   Dr. Andrews did a noble part by his brother-in-law.   He took him to his house and took care of him when he needed such attention.   The court allowed him for his services after the inquest but declined to make any allowance to him for his services before the inquest. One reason for this rule was that the money in the hands

of the committee came from the United States government under the act of Congress providing for disabled soldiers, McCarty having been shell-shocked during the war; and this act provides that money so paid shall not be subject to the claims of creditors. In addition to this it appears that Mrs. Andrews got from McCarty a check for something over $400.00 while he was in the asylum, and though this money did not reach the hands of the committee it evidently went to her and she had been the one who in large measure performed the services. We give weight to the judgment of the chancellor in cases of this sort where the mind is in doubt and under all the facts here the judgment cannot be disturbed.

As this was in substance an action to surcharge the county court settlement and was an effort to show errors in that settlement made by the committee the surety in his bond was a proper party defendant.

Judgment affirmed.