**Jim B. HARPER et al., Appellants,**

v.

**James A. MARTIN, Administrator, etc., et al., Appellees.**

Court of Appeals of Kentucky.

June 10, 1977.

James H. Lucas, Whayne C. Priest, Jr., English, Lucas, Priest & Owsley, Norman Harned, Bowling Green, Sam M. Ryan, Dept. for Human Resources, Frankfort, Dempsey Marks, Marks & Fleming, Clarksville, Tenn., for appellants.

Reginald Ayers, Joe S. Garman, Bowling Green, Franklin P. Hays, Louisville, for appellees.

Before HAYES, HOGGE and VANCE, JJ.

VANCE, Judge:

This is an appeal from a judgment directing the settlement of the Estate of Will Brown Martin. In 1965 Will Martin was declared incompetent. Appellee James A. Martin was appointed his committee and acted as such until the death of Will Martin on October 9, 1970.

On October 19, 1970 James Martin filed in the Warren County Court a final settlement of his accounts as Committee. The final settlement set forth a number of claims against the ward including the claim of James Martin for allowance of fees for regular and extraordinary services as committee. The settlement was properly advertised, laid over for exceptions and none being filed the settlement was approved by an order of the Warren County Court. No appeal was taken from that order.

James A. Martin was appointed administrator of Will Brown Martin's Estate. When he transferred the property in his possession as committee to himself as administrator, he did not pay from the funds in his possession the claims which had been approved by the County Court including his own claim for fees. He later filed suit in Warren Circuit Court in which he set forth

the County Court proceedings and requested authority to pay the accounts approved therein.

Various heirs filed counter-claims in which they sought to contest the allowances provided for in the County Court settlement.

■ The trial court approved all the allowances except the claim for regular services of James Martin as committee. He reduced that amount from $10,196.00 to $8,954.00. The trial court considered the propriety of the allowances and approved them upon the merits. It appears to us approval was proper because the approval of the final settlement in the County Court was a final disposition from which no appeal was taken. The County Court is vested with "exclusive" jurisdiction of the appointment and account of committees. KRS 387.210(1).

■ *Andrews v. McCarty*, 208 Ky. 25, 270 S.W. 466 (1925) which holds circuit courts have concurrent jurisdiction is not applicable because the statute in effect at that time has since been amended to vest exclusive jurisdiction in county courts. The judgment of a court vested with exclusive jurisdiction in a matter is not subject to collateral attack in another court. *Well's Adm'x v. Heil*, Ky., 243 Ky. 282, 47 S.W.2d 1041 (1932).

The trial court found that the appellant Jim B. Harper was adopted at age 47 by Vera Harper, who was then suffering from terminal cancer, for the sole purpose of constituting him an heir at law of Will Brown Martin. The trial judge reasoned that Will Brown Martin was an incompetent at the time of the adoption and was unable to make a will and held that Jim B. Harper was not an heir at law of Will Brown Martin.

■ *Minary v. Citizens Fidelity and Trust Co.*, Ky., 419 S.W.2d 340 (1967) reviewed the tortuous trail taken by the courts of this state in considering whether adoptive children should be permitted to inherit through as well as from their adoptive parents. It was held that when an adult is adopted solely for the purpose of making him an heir under the terms of a known testamentary instrument the practice is a subterfuge which thwarts the intent of the testator and cheats the rightful heirs. *Minary* dealt with a will whereas Will Brown Martin died intestate. It is true that he could not, because of his incompetency, have disinherited Jim Harper but it is equally true that he, while competent, did not prepare a plan for the disposition of his estate which would be thwarted by this adoption.

We think the rule in *Minary* is limited to testamentary dispositions and that Jim Harper, as the adoptive child of Vera Harper is entitled to share in the Estate of Will Brown Martin.

■ An issue was presented as to whether a promissory note executed by Clarence Stinson and wife to Will Brown Martin and an open account of Stinson to Martin were collectible. The trial court found that the indebtednesses were forgiven by Will Brown Martin before he become incompetent. We think the evidence supports the finding.

The adjudication that Jim B. Harper is not an heir at law of Will Brown Martin and is barred from inheriting from his estate is reversed. In all other respects the judgment is affirmed. A new judgment shall be entered in conformity with this opinion.

All concur.